[No. 1826.   Decided July 30, 1895.]

THE STATE OF WASHINGTON, *on the relation of Frank A. Bartlett, Executor, Appellant,* v. W. T. FORREST *et al., Respondents.*

TIDE LANDS — PURCHASE BY PLAT — ESTOPPEL — EXTENSION OF STREET OVER TIDE LANDS — RECOGNITION BY STATE — RIGHT OF PURCHASE.

Where one has purchased lots, partly upland and partly tide land, by reference to a plat thereof, he is estopped from claiming anything as an upland owner beyond the lines of the lots conveyed to him, although he may have erected improvements on the adjoining tide land prior to the passage of the act of March 26, 1890, giving a preference right of purchase to improvers and upland owners.

Where a street platted upon tide land has been dedicated to the public and subsequently extended by ordinance over adjacent tide lands and recognized as a street by the refusal of the state to appraise same for that reason, it must be held to be a valid street, notwithstanding it is not an extension of an upland street.

Sec. 2172, Gen. Stat., relative to preference rights to the purchase of tide lands, does not bind the state to offer for sale all portions of the tide lands upon which improvements had theretofore been made.

The right of cities to extend streets over tide lands is not confined to those of the first class, but applies to all incorporated cities.

*Appeal from Superior Court, Jefferson County.*

*W. F. Rupert,* for appellant.

*Jame A. Haight,* Assistant Attorney General, for respondents.

The opinion of the court was delivered by

SCOTT, J.—This is an appeal from a judgment of the superior court of Jefferson county, refusing to make peremptory an alternative writ of mandamus directed to the members of the board of appraisers, then in existence, of shore and tide lands in and for Jefferson county, commanding them to examine, survey and appraise a certain tract of tide lands of the first class at Port Townsend, which the relator claimed the right to purchase. It is claimed upon the part of the state that the land in controversy lies within the limits of a certain street known as Front street, and, such being the case, that it was not subject to sale.

The tract in question was embraced within the original plat of the city of Port Townsend as laid out by A. A. Plummer, F. W. Pettigrove and L. B. Hastings, said town being located upon their donation claims, the upland abutting upon the particular tract in controversy falling within Plummer's claim. This plat was filed for record on August 2, 1856. Streets and alleys are shown thereon, but there was no formal dedication when the plat was recorded. The most southerly *named* street was designated as Water street. A single tier of blocks was laid out to the south of Water street, which either in whole or in part extended below the meander line of the beach. The relator claims to be the owner of lot 6 and lot 5 of block 8, by direct and mesne conveyances respectively from Plummer. This was one of the blocks lying south of Water street, and all of said lots were tide lands except the northerly part of lot 6. Lot 5 was laid off

to the south of lot 6 and south of the block, extending along the tract dedicated, and distant therefrom the width of a street appears a line which might indicate an intention to dedicate a street extending along the south side of said block and the plat, although such street was not named on the plat. Subsequently, in 1881, Bartlett erected a building on lot 6, and on lot 5 constructed for the full width of the lot a wharf and extended the same to the south upon the tide lands and into Port Townsend Bay, a distance of one hundred and twenty feet; and he erected a warehouse upon this wharf, which lies partly upon the tract claimed as a street. Only that part of said tract is in controversy which lies within or upon the tract claimed as a street.

In 1884, Hastings filed for record a plat designated as Hastings' Second Addition to Port Townsend, which also covered a portion of the tide lands below the meander line. Upon this plat a street called Front street was dedicated. In November, 1890, the city of Port Townsend adopted an ordinance which purported to establish Front street. This street was wholly upon the tide lands, and included that part formerly dedicated by Hastings, and extended the same along in front of block 8 so as to include the tract of land in controversy by taking in the original street south of Water street, if it was one, which, however, we are not called upon to decide.

It is contended that this cannot be considered as an extension of a street, on the ground that Hastings' dedication thereof was invalid, it being outside the limits of his donation claim; and that the city had no power to lay out a street no part of which touched the upland. One of the contentions upon the part of the

state is that that part of the street so dedicated by Hastings was a street by virtue of § 746, Gen. Stat., and also that the whole became a lawful street by the ordinance aforesaid, including and extending the same, and by the recognition and adoption of it as such afterwards by the state.

The tide land appraisers refused to appraise this tract claimed which was included within the street, and the superior court, upon the trial of said matter, sustained them therein. Subsequent thereto, on March 13, 1895, an act was passed, which was approved March 26, 1895, confirming such action. Laws 1895, p. 555, § 64.

The rights claimed by the relator in this action are based upon his being the owner of a small part of the upland, viz., the northerly part of lot 6 in block 8, and, by reason of his improvements as aforesaid, he claims the right to purchase the tide lands lying in front of and adjacent thereto. But we are of the opinion that, having purchased by the plat, he was estopped from claiming anything as an upland owner beyond the lines of the lots conveyed to him, in consequence of such purchase, and when he erected his improvements to the southward of lot 5 upon that part of the tract now claimed as a street he had fair notice that it was the intention of the parties to bound said tract upon the southerly side by a street, whether the same was lawfully laid out and dedicated or not. See *Kenyon v. Knipe*, 2 Wash. 394 (27 Pac. 227).

Furthermore, we are of the opinion that by the dedication of that part of Front street within Hastings' Second Addition to the city of Port Townsend, and by virtue of the law then in force relating thereto, § 746,

*supra,* and of the recognition of such street by the
state afterwards in refusing to appraise the same as
tide lands and offer them for sale, and the approval of
the action of the board of appraisers by the legislature,
the same became a valid street, notwithstanding no
part of it touched the upland. · The ordinance enacted
by the city was but an extension of this street, although
it was widened as extended.

We are also of the opinion that the act of the legis-
lature relating to the rights of various parties as to
purchasing tide lands, § 2172, Gen. Stat., conferred no
more than a privilege to the upland owners and im-
provers to purchase such of the tide lands as should be
offered for sale, and in no sense bound the state to ap-
praise and offer for sale all portions of the tide lands
upon which improvements had theretofore been
erected. No contractual right was created. *Allen v.
Forrest,* 8 Wash. 700 (36 Pac. 971).

As to the authority or right of the city to extend the
street in question, see *Columbia, etc., R. R. Co. v.
Seattle,* 6 Wash. 332 (33 Pac. 824). While this case.
related to cities of the first class, it is conceded that it
would apply, under the law as it now stands, to all in-
corporated cities.

Affirmed.

HOYT, C. J., and ANDERS, GORDON and DUNBAR, JJ.,
concur.