[No. 2131.  Decided April 15, 1896.]

THE CITY OF SEATTLE, *Appellant*, v. W. T. FORREST *et al., Respondents.*

TIDE LANDS — POWER OF LAND COMMISSIONERS TO REVIEW PLATS OF LOCAL BOARDS.

The state land commissioners appointed under the public lands act of March 26, 1895, have no authority to review the action of local boards of tide land appraisers in the location of streets upon tide lands, which acts had been subsequently confirmed by legislation.

Appeal from Superior Court, Thurston County.— Hon. T. M REED, JR., Judge.   Affirmed.

*W. T. Scott,* for appellant.

*W. C. Jones,* Attorney General, and *James A. Haight,* for respondents.

The opinion of the court was delivered by

ANDERS, J.— In pursuance of a resolution of the city council, the city of Seattle applied to the board

of state land commissioners to obtain a review and readjustment of the plat of the tide lands in front of the city, which was made and filed with the board by the local board of tide land appraisers for King county, and especially a change of the direction and location of certain streets laid out by said local board as indicated upon their plat. The board of state land commissioners declined to consider the petition for the reason that, in its opinion, it had no right or authority to review the acts of the board of tide land appraisers concerning streets. The city thereupon applied to the superior court of Thurston county for a writ of mandate to compel the board to proceed to hear and determine the matters set forth in its petition. The issuance of the alternative writ was waived by stipulation of the parties, and the respondents interposed a general demurrer to the affidavit of plaintiff for the writ. The demurrer was sustained and, plaintiff declining to plead further, the proceeding was dismissed at the cost of plaintiff. From this judgment the city appealed.

By virtue of § 53 of the public lands act of March 26, 1895, (Laws 1895, p. 527), the terms of office of all members of the boards of tide land appraisers expired on May 1, 1895, but, by the same section, such boards were required to complete, by said date, the work of surveying and appraising of tide lands of the first class upon which they were then engaged, in accordance with the act approved March 26, 1890, (Laws 1889-90, p. 431). The act of March 26, 1895, went into effect on the day of its approval, and, eleven days after, the plat under consideration was filed with the state board. The work of the local board of tide land appraisers was therefore completed before the act from which the present board of state land commissioners derives its

power became operative, and the question here is, does this act confer authority upon the board of state land commissioners to review the act of the local board in so far as it relates to the laying out of the streets sought to be changed by the city.

Prior to the passage of the act of 1895, the local boards of tide land appraisers were not authorized by any statute to locate streets upon tide lands. This power was first conferred upon them by § 53 of this act, (Laws 1895, p. 550). But of course it was not contemplated that it should continue beyond the expiration of the terms of office of the members of the board, that is, May 1, 1895. The laying out and platting of these streets was, therefore, done without express legal authority, but the action of the board in that regard was ratified and confirmed by § 54 of the act of 1895, which provides that "all alleys, streets, avenues, boulevards and other public thoroughfares heretofore located and platted on tide lands of the first class by boards of tide land appraisers, are hereby validated as public highways and dedicated to the use of the public for the purposes for which they were intended, and no improver, upland owner or other person, shall have the right to buy the whole or any part of any such alley, street, avenue, boulevard, or other thoroughfare." The streets as located and platted are, by force of this statute, public highways, and a careful examination of the whole act fails to disclose any power in the board of state land commissioners to re-locate or change them. The state board is given power to review its own acts (§ 102), and, under certain circumstances, to reappraise tide lands which were appraised by the local boards (§ 62), but we find nothing in the law conferring upon it the authority to change established streets. Nor can such

power be presumed from the fact that it now has the exclusive authority to survey, lease and control the tide lands of the state.

The judgment must be affirmed.

Scott and Gordon, JJ., concur.