[No. 2521.  Decided October 2, 1897.]

THE TOWN OF ILWACO, *Appellant,* v. THE ILWACO RAIL-
WAY AND NAVIGATION COMPANY, *Respondent.*

TIDE LANDS — APPLICATION TO PURCHASE — APPEAL — EXTENSION OF
STREETS — PLAT AND APPRAISEMENT — EVIDENCE.

The right of appeal to the superior court from the decision of
the board of state land commissioners, given by Laws 1895, p. 527,
applies not only to cases in which the board determines the prior
right of purchase between two or more applicants for tide lands,
but also to cases in which there is but one applicant and the
court determines that the tract applied for is not subject to sale.

Where the right to purchase a particular tract of tide land
has been tried before the board of state land commissioners upon
an issue of fact and decided adversely to the claimant, appeal
from their decision, and not mandamus, is the proper remedy.

Under the authority given municipal corporations by art. 15,
§ 3, of the constitution, to extend their streets over tide lands
intervening between the harbor area and the corporate limits,
it is only contemplated that the extension shall be in a direct
line and of the same width as the street thus extended, and where
a city attempts to run such street extension across the tide lands
at an angle instead of a direct course, the attempted exercise
of power is void.

Where the board of tide land appraisers had no power under
the existing statute at the time of appraising tide lands to lay
out and plat streets thereon, and there is nothing on their plat
as filed to indicate that they attempted to perform such an act,
a subsequent statute validating streets theretofore located and
platted on tide lands, has no application to the circumstances of
the case.

Where a particular tract of tide land has been platted and ap-
praised by the board of tide land appraisers as other tracts were
platted and appraised and is not marked as a street nor contains
any intrinsic evidence of an intent on the part of the board to
lay it out as a street, the evidence of members of the board is
inadmissible for the purpose of explaining and contradicting the
plat.

Appeal from Superior Court, Pacific County.—Hon. W. W. LANGHORNE, Judge. Affirmed.

C. C. Dalton, and Hewen & Stratton, for appellant.
Fulton Bros., and J. J. Brumbach, for respondent.

The opinion of the court was delivered by

GORDON, J.—The appellant is a city of the fourth class, organized pursuant to the laws of this state. The respondent is a domestic corporation engaged in operating a line of steamships between Ilwaco in this state and Astoria in the state of Oregon, and a railway line between Ilwaco and Sealand in Pacific county, and has been so engaged since 1887. In that year respondent constructed its railway and built a wharf in Baker's Bay in front of the appellant town, connecting it with the shore by a trestle on which it built a walk and roadway for passengers and vehicles, and also laid its rails and extended its railroad out to the wharf. Since its construction, the company has kept its wharf and railway connecting therewith, as also the roadway, already mentioned, in repair, and the value of the improvements so made by it is conceded to be about $30,000. The tract of tide lands so covered by defendant's improvements comprises an area of a little less than one acre. In the year 1894 the tide land in front of the appellant town was platted and appraised by the local board of tide land commissioners. A plat thereof, showing the lots, tracts and tide lands, was filed in the office of the county auditor of Pacific county, in which county said town is situated, on the 5th of March, 1895, and in the office of the board of state land commissioners on the 12th day of March, 1895. The tide land upon which respondent's improvements are situated is designated upon such map and plat as Tract No. 15 of Plate III, and the value thereof, exclu-

sive of the improvements, according to the appraisement of the local board, is $80. On May 1, 1895, respondent filed with the commissioner of public lands an application for the purchase of said tract, basing its right to purchase upon the fact of its having improved the same prior to the 26th day of March, 1890. Thereafter the appellant filed a written protest with the commissioner, denying respondent's right to purchase the tract or any portion thereof, for the alleged reason that the tract was within the limits of First street of the town as extended by an ordinance passed by the council, and approved by the mayor on September 11, 1894. A hearing was ordered, and upon such hearing the board determined that the tract applied for by the respondent was a public street within the jurisdiction of the town of Ilwaco, and not subject to sale, and denied respondent's application to purchase. Thereupon respondent appealed to the superior court of Pacific county. Thereafter the town and also the board of land commissioners, separately appearing, moved to dismiss the appeal upon various grounds, those necessary to be noticed being that the court had no jurisdiction of the subject matter because there was no law authorizing such appeal, and that the decision of the state board was final and conclusive. These motions were denied by the superior court, and after trial therein, that court made its findings and entered judgment and decree determining that respondent had complied with the law in regard to the manner of applying for the purchase of tide lands and directing the execution to it of a deed conveying the tract in question. From such judgment and decree the town has appealed.

The first contention urged is that the superior court was without jurisdiction to entertain respondent's appeal from the decision of said board. This contention is founded

upon the act of March 26, 1895 (Laws 1895, p. 527), entitled:

"An act to provide for the selection, survey, management, lease and disposition of the state's granted, tide, oyster and other lands, harbor areas, and for the confirmation and completion of the several grants to the state by the United States, creating a board of state land commissioners, defining their duties and authorizing them to act as the commission provided for in article 15 of the state constitution, and declaring an emergency."

Section 57 of that act provides that, "Any person claiming a preference right of purchase of any of said lands, and who feels aggrieved at the appraisement fixed by the board, . . . may, within sixty days of the filing of said plats and records by said board, . . . appeal . . . to the superior court of the county in which said tide lands are situated," and further provides the procedure thereupon. Sec. 61 is as follows:

"Any person, association or corporation having a preference right and who shall desire to purchase under this act, tide lands of the first class, may file with the commissioner of public lands an application to purchase any of the tide lands herein described within the sixty days aforesaid, which application shall contain a description of the land applied for. If, at the expiration of sixty days from and after the filing of final appraisal with the commissioner of public lands, there being no conflicting application filed, the applicant shall be deemed to have the right of purchase. If, at the expiration of said sixty days, two or more applications shall have been filed for any tract, conflicting with each other, the board of state land commissioners shall forthwith order a hearing to determine the rights of the parties applying for said tract. They shall require each applicant, within a time stated, to submit under oath a full statement of the facts whereby he claims a preference right of purchase, and such statement shall be the only pleading required, and will be deemed denied by all the

other applicants. In case any applicant shall fail within the time limited to file such statement, he shall, unless good excuse be shown therefor, be deemed to have waived his right of purchase of the tract under his application. At the hearing, which may be upon oral or written testimony, the board shall determine who has the first right of purchase to the whole or any portion of the lot or tract involved, and such award shall be certified to the commissioner of public lands, who shall, *unless an appeal be taken to the superior court as provided in section 57*, proceed to sell and dispose of said lands in accordance therewith."

Appellant urges that under this statute an appeal is allowed only in cases where two or more applications have been filed for the same tract, and where the board in the exercise of its jurisdiction has determined which applicant has the prior right of purchase, and that the statute does not recognize the right of appeal from a decision of the board determining that a particular tract is not subject to sale.

Section 82 of the act provides that, "Any person who is *an applicant to purchase any tide lands may* appeal from any finding or decision of the board of state land commissioners as to the *prior right to purchase such tide lands or any part thereof*," etc.

Considering the entire scope and purpose of the act, we think the legislature intended that an appeal should be allowed from the decision of the state board denying an application to purchase, where the ground of such decision is that the tract for which the application is made is not subject to purchase and sale.

Appellant further suggests that if respondent has a right to purchase, it would be the duty of the state officers to allow the application and to execute a deed, and for failure to discharge such duty mandamus would be a proper remedy. Doubtless, in many cases resort might properly be

had to mandamus for the purpose of enforcing the right, but the case at bar was tried before the state board upon an issue of fact in precisely the same manner as contemplated by law in the case of adverse claimants involving the prior right to purchase, and we can see no reason why an appeal should be allowed in the one case and denied in the other. Of course, we do not mean to be understood as holding that it would not have been competent for the legislature to have granted the right to appeal in the one and denied it in the other case, but we are unable to gather from the act that such was the clear and unmistakable legislative intent. The question was distinctively one of fact, and primarily mandamus is not an appropriate remedy for the determination of a question of that character. We think that the court had jurisdiction to entertain the appeal, and that the motions to dismiss were properly denied.

Upon the merits of the controversy we have been aided by the able arguments of counsel, who have also submitted exhaustive briefs. The disposition of the case depends upon whether the tract in question was at the time of the application to purchase within the limits of any public street of the appellant town. Appellant asserts that it was. Its contention in this regard is two-fold; first, that it is a street by virtue of an ordinance passed by the town of Ilwaco in September, 1894, and second, that it was platted as a street by the local board of tide land appraisers. The following finding of the lower court was not excepted to and is of course binding upon the parties:

" That on the 11th day of September, 1894, the town council of the town of Ilwaco enacted an ordinance purporting to extend said First street over the intervening tide lands *but not on a direct line or course, but at such an*

42—17 WASH.

*angle to the line of said street as to include all of said improvements within the limits of such street as extended.*"

And it is apparent from an inspection of the plat that, ·if the street had been projected upon a direct course, it would have included a very inconsiderable portion of the tract in question, probably not enough to occasion litigation.

Article 15, section 3 of the constitution, is as follows:

" Municipal corporations shall have the right to extend their streets over intervening tide lands to and across the area reserved as herein provided."

And this court in numerous cases has affirmed the right of a city to extend its streets across such tide lands, and, when it has done so, no private person can prevent its taking possession of and improving the same. *Columbia, etc., R. R. Co. v. Seattle*, 6 Wash. 332 (33 Pac. 824); *Seattle & Montana Ry. Co. v. State*, 7 Wash. 150 (38 Am. St. Rep. 866, 34 Pac. 551); *State, ex rel. Bartlett, v. Forrest*, 12 Wash. 483 (41 Pac. 194).

But this court has also held that, in exercising this constitutional right, the street must be extended in the *same direction* and with the *same width*. In other words, that the street must be extended in a *direct line* or on the line of the street projected. *Seattle & Montana Ry. Co. v. State, supra*. In that case this question was considered at length, the court saying, " the power is to· *extend or project streets*. . . . They are common words and when applied to an existing thing, like a street, they mean to construct it in the same direction and with the same width."

In so far, then, as the claim of the town depends upon the action of its council under the ordinance above referred to, it cannot be sustained, since, as we have seen,

it did not undertake to extend First street in a direct course, "but at such an angle to the line of said street as to include all of said improvements within the limits of such street as extended." This the council was without authority of law to do, and no right can be based upon it.

As to the further claim that the tract was platted as a street by the local board of tide land appraisers, we note that there is nothing upon the map prepared by that board and filed with the auditor of the county and the commissioner of public lands, to indicate that the tract in question was a street. It is not so designated upon the plat. There is nothing to identify it as a street or to distinguish it from any of the other numerous tracts marked and designated upon such plat. It bears precisely, so far as the plat is concerned, the same marks and designations—excepting only differences in figures indicating area and measurements—as the other tracts, and contains no intrinsic evidence of any purpose on the part of such board to lay it out as a public street. Not only that, but it was actually appraised by that board and its value fixed. On the trial in the superior court appellant, over respondent's objection, was permitted to call different members of the local board who testified that it was their intention to lay out and plat the tract in question as a public street, and that their reason for appraising the tract was due to an erroneous idea entertained by them that the town would be obliged to purchase and pay for the tract precisely in the same manner as an individual purchaser of a tract subject to purchase. We do not think that effect can be given to this testimony. It is, strictly speaking, in contradiction of the plat; it is not explanatory, and relates to nothing appearing on the plat. But in another view it was more objectionable and cannot be considered. The board, at the time when the tide lands in front of the town

of Ilwaco were appraised and platted, possessed no power to *locate or lay out streets* upon the tide lands. The sole power possessed by the board at that time or prior to the passage of the act of March 26, 1895, was to *"examine, survey and appraise"* ( see § 5, act of March 26, 1890; Laws 1890, p. 433). And this court, in *Seattle v. Forrest,* 14 Wash. 423 (44 Pac. 883), said:

" Prior to the passage of the act of 1895, the local boards of tide land appraisers *were not* authorized by any statute to *locate* streets upon tide lands. This power was first conferred upon them by § 53 of this act (Laws 1895, p. 550)."

Such being the law it seems to us that the members of the board cannot be heard to say that they intended a result which they were not authorized by law to accomplish. The difference between the acts of 1890 and 1895, with reference to the power conferred upon local boards in this respect, is very marked, the power conferred by the act of 1890 being to " examine, survey and appraise," and that by the act of 1895 (§ 54, p. 550), being *"to lay out streets and alleys,* which shall thereby be dedicated to the public use, subject to the control of cities, with due regard to the convenience of commerce and navigation." But counsel for the town very strenuously urge that by § 54, *supra,* the legislature ratified the action of the local board. The provision relied on is as follows:

*"Provided further,* that all *alleys, streets, avenues, boulevards* and *other public thoroughfares* heretofore *located and platted* on tide lands of the first class, by boards of tide land appraisers, are hereby validated as public highways," etc.

We think, however, that this statute has no application to the present case, because as a matter of fact the local board of tide land appraisers in Pacific county did not *locate or plat* the premises here involved as a public street,

and hence the proviso relied upon has no application to this case.

We conclude that the action of the town council of the town of Ilwaco, in attempting to extend First street upon a line other than a direct line, was unauthorized and ineffectual; that the local board of tide land appraisers for Pacific county did not in fact locate, lay out or plat the premises here involved as a public street, and that had they in fact done so, their action would at that time have been unauthorized and unwarranted; that said board not having in fact laid out, located or platted the tract as a public street, the case is not affected by the proviso contained in section 54 of the act of 1895, and that the premises which the respondent applied to purchase were and are subject to purchase; that its application should be granted, and the judgment and decree of the lower court should be, and it is, affirmed.

SCOTT, C. J., and DUNBAR, REAVIS and ANDERS, JJ., concur.