[No. 5307.   Decided April 17, 1905.]

38   359
e41  266

TOWN OF WEST SEATTLE, *Appellant*, v. WEST SEATTLE
LAND AND IMPROVEMENT COMPANY et al.,
*Respondents.*[1]

TIDE LANDS—STREETS—DEDICATION—VALIDATION.   Streets laid
out over tide lands by the board of tide land appraisers, without
authority, under Laws 1890, p. 431, were validated and declared
public highways by Laws 1895, p. 550.

SAME—TWO MILE LIMIT FROM CITY—JUDICIAL NOTICE OF—
PRESUMPTION OF JURISDICTION OF TIDE LAND APPRAISERS.   It can-
not be objected that streets laid out over tide lands, by the board
of tide land appraisers, are not in fact within the two miles
limit from a city, in the absence of any showing, since the courts
will not take judicial notice of such limits, and the board is
presumed to have acted within its jurisdiction.

SAME—DEDICATION—DESIGNATION OF STREET AS FERRY SLIP—
IMPROVEMENTS.   Where a street was laid out over tide lands of
the first class by the tide land appraisers, the fact that a portion
thereof used as a ferry slip was designated on the plat "Ferry
Slip," does not affect the dedication of the street, since such des-
ignation was a mere compliance with the law requiring the ap-
praisers to note improvements.

MUNICIPAL CORPORATIONS—OBSTRUCTIONS IN STREET—NUISANCE
—REMOVAL—DEFENSES—PAYMENT OF TAXES ON IMPROVEMENTS.
The payment of taxes upon improvements in a. public street
does not affect the right of the city to remove the same as an
obstruction and public nuisance.

SAME—PUBLIC CONVENIENCE.   The obstruction of a public street
cannot be justified on the ground that its use as a ferry slip
is of greater benefit and convenience to the public than would
be its use as a public street.

SAME—REMEDY.   An action by a city to remove an obstruction
and abate a public nuisance is the proper remedy where private
parties are using a portion of a public street as a ferry slip.

ADVERSE POSSESSION—STREETS—STATUTE OF LIMITATIONS—WHEN
DOES NOT RUN AGAINST CITY.   Adverse possession of a portion
of a city street for the statutory period, and the payment of

[1]Reported in 80 Pac. 549.

personal property taxes on the improvements, is not a defense to an action by the city to remove the obstruction, where there is no element of estoppel except mere lapse of time, since the statute of limitations does not run against the city.

Appeal from a judgment of the superior court for King county, Bell, J., entered March 19, 1904, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, dismissing an action to remove an obstruction from a public street. Reversed.

*Herbert N. De Wolfe* and *Fenley Bryan* (*Richard Saxe Jones*, of counsel), for appellant, contended, among other things, that every encroachment upon a public street is a nuisance, regardless of damages or benefits to the public. *Commonwealth v. McNaugher*, 131 Pa. St. 55, 18 Atl. 934; *Smith v. McDowell ex rel. Hall*, 148 Ill. 51, 35 N. E. 141, 22 L. R. A. 393. Lapse of time will not bar the action. *Reilly v. Racine*, 51 Wis. 526, 8 N. W. 417; *Derby v. Alling*, 40 Conn. 410; *Henshaw v. Hunting*, 1 Gray 203; *Chase v. Oshkosh*, 81 Wis. 313, 51 N. W. 560, 29 Am. St. 898, 15 L. R. A. 553; *Weston v. Ralston*, 48 W. Va. 170, 36 S. E. 446; *London & San Francisco Bank v. Oakland*, 90 Fed. 691.

*Ira Bronson* and *D. B. Trefethen*, for respondents, contended, *inter alia*, that it does not clearly appear from the plat that it was the intention to give the land to the public for a particular use. 9 Am. & Eng. Ency. Law (2d ed.), 60; *Lewis v. Portland*, 25 Ore. 133, 35 Pac. 256, 42 Am. St. 772, 22 L. R. A. 736; *Irwin v. Dixion*, 9 How. 10, 13 L. Ed. 25. An obstruction that promotes the public convenience cannot be a public nuisance. *Delaware etc. Canal Co. v. Lawrence*, 2 Hun 163; *Pennsylvania v. Wheeling etc. Bridge Co.*, 13 How. 518; *State v. Forrest*, 12 Wash. 483, 41 Pac. 194; *Chicago etc. R. Co. v. Joliet*, 79 Ill. 25. The city is estopped by permitting the im-

provements to be made for a quasi public purpose, and by the payment of taxes. *Spokane St. R. Co. v. Spokane Falls,* 6 Wash. 521, 33 Pac. 1072; *State ex rel. Grinsfelder v. Spokane St. R. Co.,* 19 Wash. 518, 53 Pac. 719, 67 Am. St. 739, 41 L. R. A. 515; *Chicago etc. R. Co. v. Joliet, supra;* Dillon, Municipal Corp., §§ 529-533; *Chicago etc. R. Co. v. People ex rel. Elgin,* 91 Ill. 251. The city is estopped by failing to clearly indicate the boundaries of the street and permitting the improvements to be made. 15 Am. & Eng. Ency. Law (2d ed.), 408; *County of Piatt v. Goodell,* 97 Ill. 84.

FULLERTON, J.—This action was brought by the town of West Seattle, a municipal corporation of the fourth class, to remove an obstruction from a public street, and to abate a public nuisance. The answer put in issue the existence of the town, and the existence of the street, and denied that the acts complained of constituted a public nuisance, and pleaded title in the defendants by adverse possession. The defendants had judgment below, and the plaintiff appeals.

The following questions are discussed in the briefs of counsel: (1) Is the land, upon which the obstructions complained of are maintained, a public street? (2) Do the obstructions constitute a public nuisance? (3) Have the respondents acquired title to the land on which the obstructions are maintained by adverse possession for the statutory period?

(1) The property on which the obstructions in controversy are maintained is tide land, and became the property of the state upon its admission into the Union, and still belongs to the state, unless since disposed of. On the 10th day of October, 1888, the West Seattle Land and Improvement Company, the then owner of the upland

fronting on the land in controversy, filed its plat of West Seattle, covering and including the land in controversy. Railroad avenue, as designated on said plat, runs almost parallel with the shore line, and is located on tide land immediately opposite the land in controversy. From Railroad avenue leading out to Elliott Bay, is a strip of land designated as "Ferry Slip," but such slip is not named or designated as a street on said plat. It is on this strip of land, between Railroad avenue and Elliott Bay, that the obstructions complained of are situate.

From 1889 up to the commencement of this action, the West Seattle Land and Improvement Company, and its successors in interest, have used this strip of land, or a considerable part thereof, as a site for a waiting room and other appurtenances in connection with the ferry, which has been operated during all said period from West Seattle to Seattle. On the 28th day of April, 1902, the town of West Seattle was incorporated, under the general laws of the state, as a town of the fourth class, and is still such. Prior to the 26th day of March, 1895, the board of appraisers of tide and shore lands, of King county, examined, surveyed, appraised, and platted the land in controversy as tide land of the first class, and as being within less than two miles of the city of Seattle, pursuant to the act of March 26, 1890 (Laws 1890, p. 431), and filed a copy of such plat in the office of the county auditor of King county, as required by law. The land in controversy is designated and shown on the plat as Louisiana avenue, leading from Railroad avenue, on the west, to Elliott Bay, on the east. While the board of appraisers had no authority to plat or lay out streets, under the act of 1890, the streets and thoroughfares so platted and laid out were thereafter validated, and declared to be public highways, by the act of March 26, 1895. Laws 1895, p. 550, § 54;

*Seattle v. Forrest,* 14 Wash. 423, 44 Pac. 883; *Ilwaco v. Ilwaco R. & Nav. Co.,* 17 Wash. 652, 50 Pac. 572.

Respondents claim that the land in controversy was not dedicated as a public street, by virtue of the foregoing plat, for two reasons: first, because the tide lands so platted were not in fact tide lands of the first class; and, second, because the obstructions now complained of were designated on said plat as "Ferry Slip," etc. We cannot take judicial notice of the two mile limit from the city of Seattle, as suggested by counsel, and must presume that the board acted within its jurisdiction, in the absence of any showing to the contrary. The designation of the ferry slip on the plat was a mere compliance with section 5 of the act of 1890, *supra,* requiring the board of appraisers to note the improvements, and had no effect whatever upon the dedication. We are of the opinion, therefore, that the land in controversy is a public street, under the acts and proceedings above referred to.

(2) The payment of taxes to the treasurer of King county, by the respondents, on the improvements in question, in no manner affects the rights of the appellant. The improvements were none the less property and subject to taxation because situated on a public street. We cannot inquire into the question whether the present use of the property is of greater benefit and convenience to the general public than would be its use as a public street. If it is in fact a public street, its obstruction without authority of law constitutes a public nuisance, which the appellant has the right to abate or remove by action, or some other lawful procedure, and the remedy here invoked is a proper one. *Port Townsend v. Lewis,* 34 Wash. 413, 75 Pac. 982.

(3) The general rule is that a party cannot acquire title by adverse possession to property held by a municipality in its governmental capacity for public purposes.

The rule is thus stated in Elliott, Roads and Streets (2d ed.), § 883:

"The doctrine that highways cannot be lost by adverse possession is supported by other well settled principles of the law. There can be no rightful permanent private possession of a public street. Its obstruction is a nuisance, punishable by indictment. Each day's continuance thereof is an indictable offense, and it follows, therefore, that no right to maintain it can be acquired by prescription. Municipal corporations have no power to alien or dispose of their streets for any purpose inconsistent with their use as highways. It would be a grave reproach to the law to permit a wrongdoer, one who is daily violating the law of the state itself, to take advantage of his own wrong and that of the municipality, and by such indirect and wrongful means obtain a right to the street which the corporation is prohibited from directly granting or destroying."

See, also, Dillon, Municipal Corp. (4th ed.), § 675; *Ralston v. Weston,* 46 W. Va. 544, 33 S. E. 326, 76 Am. St. 834.

We hold, on both principle and authority, that a municipality is not barred of its right to remove an obstruction from a public street by mere lapse of time. Some other element of estoppel must enter into the case. Mere lapse of time and the payment of personal taxes on the improvements are here relied on. These are insufficient.

The judgment of the court below is reversed, and the cause remanded, with instructions to grant the relief prayed for in the complaint.

MOUNT, C. J., HADLEY, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.