[No. 6221.  Decided July 17, 1906.]

THE CITY OF PUYALLUP, *Appellant,* v. MICHAEL LACEY et al., *Respondents.*[1]

EMINENT DOMAIN—APPEAL—DECISIONS REVIEWABLE. Under Laws 1905, p. 102, c. 55, § 50, appeals in appropriation proceedings by cities are not restricted to the question of damages, but are to be governed by the procedure in other civil cases; hence an appeal from an order of dismissal brings up for review, under Bal. Code, § 6500, subd. 1, an order sustaining a demurrer to the petition.

EMINENT DOMAIN — DELEGATION OF POWER — MUNICIPAL CORPORATIONS—POWER TO CHANGE COURSE OF RIVER. While laws conferring the right of eminent domain are to be strictly construed, express legislative authority is conferred upon cities to appropriate land for straightening the course of rivers.

1Reported in 86 Pac. 215.

SAME—EXTENT OF POWER. The operations of a city in straightening the course of a river, under Bal. Code, § 944, where the river forms the boundary line of the city, are not to be confined to the side of the river within the corporate limits, but the city has authority to condemn land within and without its corporate limits.

SAME—PROCEEDINGS TO CONDEMN LAND—PETITION—SUFFICIENCY. While Bal. Code, § 944, only authorizes condemnation proceedings to straighten the course of a river where the parties cannot agree as to the damages for the land taken, the failure of the parties to agree is not a condition precedent, in view of Laws 1905, p. 84, generally authorizing such an appropriation under specified proceedings.

SAME—COMPENSATION—REPAYMENT. The damages assessed in a proceeding to authorize a city to condemn land must be paid before the land is taken.

Appeal from an order of the superior court for Pierce county, Huston, J., entered February 10, 1906, upon sustaining a demurrer to the petition, dismissing a condemnation proceeding instituted by a city for the purpose of straightening the course of a river. Reversed.

*A. R. Titlow* and *B. F. Jacobs,* for appellant.

*H. W. Lueders* and *H. G. & Dix H. Rowland,* for respondents.

RUDKIN, J.—The city of Puyallup is a municipal corporation of the third class, the Puyallup river forming its northerly boundary. On the 20th day of September, 1905, the city passed an ordinance,

"Providing for the institution of an action for the purpose of condemning a right of way across certain described lands for the purpose of straightening the course of the Puyallup river, along, in front of, and adjoining the city of Puyallup, and for the purpose of appropriating certain lands for said right of way, ascertaining the value thereof, and the damages sustained by the abutting and adjoining owners by reason of said appropriating and taking."

Pursuant to this ordinance, a petition was filed in the superior court of Pierce county for the purpose of appropriating and condemning certain lands therein described, owned

by the respondents and others. A portion of the land sought to be appropriated lies within, and a portion without, the corporate limits of the city. The nature of the improvement and the object to be accomplished can best be described by reference to the following plat or map, which appears in the record:

The crooked lines represent the present channel of the river. The lands sought to be appropriated consist of a strip two hundred feet in width between the points A and B, B and C, and D and E, respectively. It will thus be seen that the strips lying between the points A and B, and D and E, lie wholly without the corporate limits of the city. A demurrer interposed to the petition in the court below was sustained. The petitioner elected to stand on its petition, and the present appeal is taken from the order of dismissal. At the hearing in this court the respondent moved to dismiss the appeal for the reason that the order is not appealable and this court has no jurisdiction. This contention is based on *Western American Co. v. St. Ann Co.*, 22 Wash. 158, 60 Pac. 158, and numerous other cases in this court following that decision. The appeal in *Western American Co. v. St. Ann Co.* was prosecuted under Bal. Code, § 5645, which provides as follows:

"Either party may appeal from the judgment for damages entered in the superior court to the supreme court of the state within thirty days after the entry of judgment as aforesaid, *and such appeal shall bring before the supreme court the propriety and justness of the amount of damages in respect to the parties to the appeal;*"

and the court held that on such appeal it could only review questions affecting the propriety or justness of the damages claimed or allowed. The appeal in this case is prosecuted under the act of March 3, 1905 (Laws 1905, p. 84), which especially applies to cities. Section 50 of that act provides as follows:

"Except as herein otherwise provided, the practice and procedure under this act in the superior court and in relation to the taking of appeals and prosecution thereof, *shall be the same as in other civil actions,* but all appeals must be taken within thirty days from the date of rendition of the judgment appealed from."

It will thus be seen that the act of 1905 does not restrict the right of review to the question of damages alone, but such right is regulated and controlled by subd. 1 of §·6500, Bal. Code, which provides that,

"An appeal from any such final judgment shall also bring up for review any order made in the same action or proceeding either before or after the judgment, in case the record sent up on the appeal, or any supplementary record sent up before the hearing thereof, shall show such order sufficiently for the purposes of a review thereof."

The motion to dismiss the appeal is therefore denied.

The principal objection urged against the petition is that a municipal corporation of the third class has no power to exercise the right of eminent domain, or condemn lands for the purpose of straightening or diverting the channel of a stream, outside of and beyond its corporate limits. The respondents contend that laws conferring the right of eminent domain must be strictly construed, and that a municipal corporation cannot exercise such right beyond its corporate limits, without express legislative authority.

With these general propositions we fully agree, but is there express legislative authority for the proceedings now under consideration? Subdivision 11 of § 938, Bal. Code (P. C.

§ 3488), provides that cities of the third class shall have power,

"To improve rivers and streams flowing through such city, or adjoining the same; to widen, straighten and deepen the channel thereof, and remove obstruction therefrom; to improve the water front of the city, and to construct and maintain embankments and other works to protect such city from overflow. . . ."

Sec. 944 provides that, whenever it shall become necessary for such city to take or damage private property for the purpose of widening, straightening or diverting the channel of a stream or the improvement of the water front, and the city council cannot agree with the owner thereof as to the price to be paid, the city council may proceed to acquire, take, or damage the same in the manner provided by chap. V, art. 3, title 21 of Bal. Code. There is therefore express legislative authority for straightening and diverting the channels of streams flowing through or adjoining cities of the third class, and for acquiring, taking, and damaging lands for that purpose.

The respondents contend, however, that the operations of the city in straightening or diverting the channel of a stream must be confined to the side of the stream within the corporate limits, whenever such stream forms the boundary line of the city. This, in our opinion, is a narrow and unwarranted construction of the statute, and would, in many instances, wholly defeat the object the legislature had in view. In some cases no doubt, the channel might be straightened or diverted by works constructed wholly on the city side of the stream, but in other cases the result could only be accomplished by works constructed wholly on the opposite side, while in many. instances, such as the case at bar, the object in view could only be accomplished feasibly by works constructed on both sides of the stream. We are therefore of opinion that § 944, *supra,* expressly authorizes the appropriation of the property in controversy in this proceeding.

The respondents further contend that § 944 only authorizes proceedings to condemn in case the city council cannot agree with the owner as to the price to be paid, and that the petition, failing to allege such inability to agree, fails to state a cause of action. While it is true that § 944 only authorizes condemnation after failure to agree, yet, the right or power to condemn is conferred by that section, and the procedure is regulated by the act of 1905, *supra,* under which the proceedings in question were instituted. The latter act authorizes proceedings under it, "to condemn land and other property and damage the same for any other public use within the authority of such city after just compensation having been first made or paid into court for the owner in the manner prescribed by this act;" and the failure of the parties to agree on the price is not a condition precedent to the institution of proceedings under this act.

It is further argued that § 20 of the act of 1905 is void because the mode prescribed for paying the damages assessed is in violation of art. 1, § 16 of the constitution; but that question does not arise in this case. Whatever damages are assessed in this proceeding must be paid by the city, before the property can be taken or damaged as in other cases.

The judgment of the court below is therefore reversed, with directions to overrule the demurrer, and for further proceedings not inconsistent with this opinion.

MOUNT, C. J., HADLEY, FULLERTON, CROW, and ROOT, JJ., concur.