[No. 8019.　Department One.　May 18, 1909.]

THE CITY OF TACOMA, *Respondent*, v. A. R. TITLOW *et al.*,
*Appellants.*[1]

EMINENT DOMAIN—NECESSITY—DETERMINATION OF QUESTIONS—
MUNICIPAL CORPORATIONS—NECESSITY FOR STREETS.　Where a city has
jurisdiction to extend its streets over tide lands, the decision of the
proper municipal officers as to public use and necessity is conclusive,
in the absence of fraud.

MUNICIPAL CORPORATIONS—STREETS—EXTENDING OVER TIDE LANDS
OUTSIDE CITY.　Where, pursuant to Const., art 15, § 1, harbor lines
are established in front of a city the corporate limits of which only
extend to the line of ordinary high tide, the city has power to ex-
tend its streets over intervening tide lands to and across the re-
served area, as expressly authorized by Const. art 15, § 3.

MUNICIPAL CORPORATIONS—STREETS—CONDEMNATION OUTSIDE CITY
—APPEAL—QUESTIONS PRESENTED—PAYMENT OF AWARD.　Upon appeal
from an order adjudging a public necessity for condemnation for a
street extension outside of the city, the question of the power of the
city to levy assessments on lands outside its limits to pay the award
does not arise, as the award must be paid before the land is taken.

Appeal from an order of the superior court for Pierce
county, Chapman, J., entered December 5, 1908, adjudging
a public use and directing an assessment of damages in a
condemnation proceeding, after a trial on the merits before
the court.　Affirmed.

*A. R. Titlow* and *John M. Boyle*, for appellants.

*T. L. Stiles, F. R. Baker,* and *F. A. Latcham,* for re-
spondent.

RUDKIN, C. J.—This proceeding was instituted by the city
of Tacoma, a municipal corporation of the first class, to con-
demn and appropriate a right of way over certain lands with-
in and without its corporate limits, for the purpose of ex-
tending Sixth avenue, "west to the high land on the shore of
Puget Sound, and thence by curving the said Sixth avenue
from a point in lot 3, section 3, township 20, north, range 2

[1]Reported in 101 Pac. 827.

east, to a point on the Inner Harbor line about midway be-
tween Wilton waterway and Day Island waterway." A por-
tion of the land thus sought to be appropriated lies in block
132, Tacoma tide lands, owned by the appellants Titlow and
wife. At the point on Puget Sound where the proposed street
terminates, the city limits only extend to the line of ordinary
high tide, so that tide land block 132 lies without the city
limits, between the main land and the Inner Harbor line. The
court below adjudged that the proposed use was a public
use, and that public necessity demanded the prosecution of
the enterprise, and ordered a jury impaneled to assess the
damages. From this order the appellants Titlow and wife
have appealed.

The first error assigned is the insufficiency of the evidence
on the questions of public use and public necessity to support
the order of condemnation as to the tide land lots in contro-
versy. If the city of Tacoma had jurisdiction to extend its
streets over these tide lands, the determination of the ques-
tions of public use and public necessity by the proper munic-
ipal officers is conclusive upon the courts in the absence of
fraud. *Selde v. Lincoln County*, 25 Wash. 198, 65 Pac. 192;
*State ex rel. Schroeder v. Superior Court*, 29 Wash. 1, 69
Pac. 366; *Adams County v. Schroeder*, 30 Wash. 703, 70
Pac. 1134; *State ex rel. Thomas v. Superior Court*, 42 Wash.
521, 85 Pac. 256; *State ex rel. Pagett v. Superior Court*, 47
Wash. 11, 91 Pac. 241.

It is next contended that the city has no power to con-
demn lands for street purposes without its territorial limits.
Section 1 of the act of March 13, 1907 (Laws 1907, p. 316),
provides as follows:

"Every city of the first, second and third classes and other
cities having a population of over fifteen hundred inhabitants
within the State of Washington, is hereby authorized and em-
powered to condemn land and property, including state,
county and school lands and property for streets, avenues,
alleys, highways, bridges, approaches, culverts, drains,
ditches, public squares, public markets, city and town halls,

jails, and other public buildings, and for the opening and widening, widening and extending, altering and straightening of any street, avenue, alley, or highway, and to damage any land or other property for any such purpose or for the purpose of making changes in the grade of any street, avenue, alley or highway, or for the construction of slopes or retaining walls for cuts and fills upon real property abutting on any street, avenue, alley or highway now ordered to be, or such as shall hereafter be ordered to be opened, extended, altered, straightened or graded, or for the purpose of draining swamps, marshes, tide lands, tide flats or ponds, or filling the same, within the limits of such city, and to condemn land or property, or to damage the same, either within or without the limits of such city for public parks, drives and boulevards, hospitals, pest houses, drains and sewers, garbage crematories and destructors and dumping grounds for the destruction, deposit or burial of dead animals, manure, dung, rubbish, and other offal, and for aqueducts, reservoirs, pumping stations and other structures for conveying into and through such city a fresh supply of water, and for the purpose of protecting such supply of fresh water from pollution, and to condemn land and other property and damage the same for any other public use after just compensation having been first made or paid into court for the owner in the manner prescribed by this act."

The only provision of this section that could warrant the appropriation of lands without the city limits are the words "for drives and boulevards" or "for any other public use." Laws conferring the right of eminent domain must be strictly construed, and municipal corporations cannot exercise such right without their corporate limits, in the absence of express legislative authority (*Puyallup v. Lacey*, 43 Wash. 110, 86 Pac. 215) and it may well be that the street in question is neither a drive nor a boulevard within the purview of this statute, and that the general words "for any other public use," following specific enumeration of particular uses, do not confer the right, but this question we need not determine.

Section 1 of art. 15 of the constitution provides:

"The legislature shall provide for the appointment of a commission whose duty it shall be to locate and establish

harbor lines in the navigable waters of all harbors, estuaries, bays and inlets of this state, wherever such navigable waters lie within or in front of the corporate limits of any city, or within one mile thereof upon either side. The state shall never give, sell, or lease to any private person, corporation or association any rights whatever in the waters beyond such harbor lines, nor shall any of the area lying between any harbor line and the line of ordinary high tide, and within not less than fifty feet nor more than six hundred feet of such harbor line (as the commission shall determine) be sold or granted by the state, nor its rights to control the same relinquished, but such area shall be forever reserved for landings, wharves, streets, and other conveniences of navigation and commerce."

Section 3 provides:

"Municipal corporations shall have the right to extend their streets over intervening tide lands to and across the area reserved as herein provided."

Under § 1 of this article, harbor lines must be located and established not only within, but in front of, the corporate limits of cities, and notwithstanding the fact that the limits of the city of Tacoma only extend to the line of ordinary high tide at this point, yet harbor lines were properly established in front of the city; and under § 3 of the above article, the city had power to extend its streets to the harbor area over the intervening tide lands. *Columbia & Puget Sound R. Co. v. Seattle*, 6 Wash. 332, 33 Pac. 824, 34 Pac. 725; *Seattle v. Columbia & Puget Sound R. Co.*, 6 Wash. 379, 33 Pac. 1048; *Seattle & Montana R. Co. v. State*, 7 Wash. 150, 34 Pac. 551, 38 Am. St. 866, 22 L. R. A. 217; *State ex rel. McKenzie v. Forrest*, 11 Wash. 227, 39 Pac. 684; *State ex rel. Bartlett v. Forrest*, 12 Wash. 483, 41 Pac. 194; *Ilwaco v. Ilwaco R. & Nav. Co.*, 17 Wash. 652, 50 Pac. 572.

Some question is raised as to the power of the city to levy assessments on land without its limits to pay the award in the condemnation proceedings, but, as said by this court in *Puyallup v. Lacey*, *supra*, that question does not arise in this case.

"Whatever damages are assessed in this proceeding must be paid by the city, before the property can be taken or damaged as in other cases."

In view of the conclusion we have reached on the merits of the case, we deem it unnecessary to discuss or consider the motion interposed at the hearing to dismiss the appeal on the ground that the order is not appealable.

Finding no error in the record, the judgment is affirmed.

CHADWICK, FULLERTON, GOSE, and MORRIS, JJ., concur.