[No. 8538.   Department One.   May 31, 1910.]

THE STATE OF WASHINGTON, *on the Relation of George Stalding et al., Plaintiff*, v. THE CITY OF ABERDEEN *et al., Respondents.*[1]

MUNICIPAL CORPORATIONS—IMPROVEMENTS—POLICE POWER—EMINENT DOMAIN—FILLING LOW LANDS—DAMAGES—COMPENSATION. The act of 1909, empowering cities, in the exercise of the police power, to fill low lands, is not invalid or inconsistent in that it provides for compensation to the owners of buildings or improvements under the right of eminent domain; since the right of eminent domain and the police power rest in the control of the legislature and may be employed singly or together, and interested parties cannot object because compensated in any degree.

SAME—ASSESSMENTS—DAMAGES. In proceedings by a city to fill low lands, the damages and expenses paid by the city in condemnation suits may be added to the costs of the improvement and assessed against the property in the district.

FULLERTON, J., dissents.

Certiorari to review an order of the superior court for Chehalis county, Sheeks, J., entered December 27, 1909, adjudging a public use and necessity in condemnation proceedings, after a hearing on the merits before the court. Affirmed.

*J. B. Bridges*, for relators.

*A. M. Wade* and *T. B. Bruener*, for respondents.

CHADWICK, J.—This case comes to us as a companion to the case of *Bowes v. Aberdeen, ante* p. 535, 109 Pac. 369. That case decides all of the propositions raised in this one, save two which will be hereafter discussed. The city of Aberdeen began an action to condemn the improvements upon the lots owned by the relators, and from an order of condemnation, this proceeding in review is prosecuted. The facts and the law under which the city seeks to improve the district affected are set out or referred to in the *Bowes*

[1]Reported in 109 Pac. 379.

opinion.   Section 3 of the act of 1909, Laws 1909, page
570 (Rem. & Bal. Code, § 7973), provides that, if it be
necessary in making the improvements contemplated, by the
act to take or damage private property, the city may pro-
ceed to acquire such right by the power of eminent do-
main; and further that, if it be necessary to take any build-
ings or other improvements situate within the district pro-
posed to be filled, the compensation therefor shall be ascer-
tained under the eminent domain statute, and that no account
shall be taken of benefits by the jury or court in assessing
the amount of compensation to be made to the owner of any
property, but that such compensation shall be assessed with-
out regard to benefits.

The point is made that the legislature did not intend that
the lands involved should be filled under the police power,
because of these provisions in the law; for had the intention
of the legislature been as indicated, it would not have pro-
vided for compensation to the owners of improvements.   Or,
to put it in another way, the two proceedings cannot go
hand in hand, but the city must proceed under one to the
entire exclusion of the other; and the legislature having in-
volved the two, the whole act must fall.   We are of opinion,
and have so held, that the power of the city to proceed in
the manner indicated is properly referable to the police
power.   But it does not follow that, because the city may
relieve a condition under that power, it may not at the same
time, under legislative direction, meet by condemnation those
rights of property which are in no way dependent upon the
condition sought to be overcome.   The whole matter is one
which the legislature may control, and in granting the right
to a city to drain or fill swamp, marsh, or tide lands situate
within its limits, it is not inconsistent to say that an owner
shall be compensated in damages for any buildings or im-
provements theretofore placed upon the lands.   This being
the law, it is well within the power of the legislature to say
that, while low, undrained lands may be filled, the city shall

not, in the exercise of that power, confiscate improvements lawfully made.

In *Chicago v. Union Stock Yards*, 164 Ill. 224, 45 N. E. 430, 35 L. R. A. 281, it is said:

"The power in the city to abate nuisances is not denied, but it does not follow that the city may, as the easiest way to abate the nuisance, destroy valuable private property susceptible of use for a lawful purpose."

Legislation tending to the preservation of the public health is favored by the courts, and is regarded as a power inherent in a municipal corporation where population is congested. 28 Cyc. 709; *Gundling v. Chicago*, 176 Ill. 340, 52 N. E. 44, 48 L. R. A. 230. But the power must be exercised within a proper limit—in this case, the filling of the district—and when the city goes beyond that limit, the legislature should provide, and it has in this case provided, for compensation to those whose property stands in the way. If it did not, it would result in the confiscation of unoffending property. Both the right of eminent domain and the police power rest in the control of the legislature, and it may lawfully grant the right to exercise them singly or together, as the exigencies of the case may require. Aside from these general considerations, we are of the opinion that, if the city can, under its police power, fill the district—and we have so held—the relators here cannot be heard to complain if, in the exercise of its right, the legislature has seen fit to compensate them in any degree. They cannot complain against the law, because they are compensated for such property as is actually taken or damaged.

The only question remaining to be discussed is that the city cannot condemn property within the district and add the damages and expenses of the suit, surveys, etc., to the cost of the improvement, and assess the whole thereof to all the property in the district. As was said in *Tacoma v. Titlow*, 53 Wash. 217, 101 Pac. 827, and *Puyallup v. Lacey*,

43 Wash. 110, 86 Pac. 215, that question cannot arise in this case.

"Whatever damages are assessed in this proceeding must be paid by the city, before the property can be taken or damaged as in other cases."

Other questions are presented, but they are not discussed with reference to authorities and, as we are at present advised, are without merit.

The judgment of the lower court is affirmed.

RUDKIN, C. J., GOSE, and MORRIS, JJ., concur.

FULLERTON, J., dissents.