### MEYERS ET AL. *v.* BROWN ET AL.

HIGHWAY.—*Petition.*—*Names.*—The petition for the location of a highway should not be dismissed because it sets out, generally, and in the alternative, " the names of the owners, agents or occupants of the lands through which such proposed highway will pass," without specifying in which of such relations, to any of the tracts of land therein described, any of such persons stand.

From the Pike Circuit Court. ·

*G. G. Reily* and *E. A. Ely*, for appellants.

*J. C. Denny* and *C. S. Denny*, for appellees.

NIBLACK, J.—James W. Brown and thirty-one other persons, representing themselves to be freeholders of Pike county, filed with the board of commissioners of

that county, at their June term, 1873, a petition praying for the location and establishment of a highway through a portion of said county, and setting forth the beginning, course and termination of the proposed highway ; and that " The names of the owners, agents or occupants of the lands through which such proposed highway will pass, being [are] as follows, to wit: Jesse L. Thomas, Sarah Schell, William Bell, James Willis, Clementine Traylor, William Abbott, James Totten, Minerva Abbott, Matilda Abbott, Margaret Meyers, William Hughes, Isham Scraper, James Brown, Robert Davidson, Nathaniel Flint, James Griffith, Roxana Griffith, James Brett, George Scraper, Marion McCormick, Francis M. Griffith, [and] Catharine Flint."

When the petition was taken up for consideration by the board, a motion to dismiss it was entered, because, as was insisted, it did not state sufficiently the names of the owners, occupants and agents of the lands through which said proposed highway was to run. That motion was overruled, and viewers were thereupon appointed, who, at the next term, reported that they had laid out and marked the proposed highway on the route indicated in the petition, and that the same would be of public utility.

Following immediately upon the report of the viewers, the appellants, Charles Meyers and Sarah Schell, with twelve or thirteen others of the immediate neighborhood, filed a remonstrance against the location of the proposed highway. Such proceedings were afterwards had by the board of commissioners, as resulted in the establishment of said highway, as prayed for in the petition.

The said Charles Meyers and Sarah Schell then appealed to the Pike circuit court.

In that court they moved to dismiss the proceedings, because of the alleged insufficiency of the petition ; urging, with others, the same objection to it as was insisted upon before the board of commissioners, but the motion was overruled, to which exceptions were reserved.

A jury, to which the cause was then submitted for trial, returned a verdict that the proposed highway, if established, would be of public utility.

The court thereupon, over a motion for a *venire de novo,* a motion for a new trial and a motion in arrest of judgment, which were each successively made and overruled, entered a judgment establishing the said highway, and against the appellants for costs.

The first error assigned here is based on the refusal of the circuit court to dismiss the proceedings, on account of the alleged insufficiency of the petition.

The first objection urged to the petition, that the record made it appear to have been signed by "James W. Brown and others," only, has been obviated by the filing of an amended record, showing it to have been signed by thirty-two persons, representing themselves to be freeholders of the proper county.

The next and only other objection urged to the petition by the appellants, in their brief, is, that the names of the persons interested in the lands through which the proposed highway was to pass, were not properly given, that is, it is not stated whether the persons named were all owners, all occupants or all agents only, or if all were not of the same class, then who were owners, who were occupants and who were agents.

It would perhaps have been more in accord with the strict rules of pleading, if the petition had indicated in some way what relation each one of the persons referred to sustained to the lands to be affected by the proposed highway, but we cannot hold that it was materially defective for not having done so.

We think it very apparent that the object aimed at, in requiring the names of persons interested in the lands through which it was expected the highway should pass, to be set out in the petition, was to indicate to whom notice should be given of the intended presentation of such petition, so as to afford those persons an opportunity

of appearing to and resisting the petition, if they should desire to do so.

We consider the essential requisite to be, that all persons interested in such lands, whether as owners, occupants or agents, shall be named in the petition, so that they may be notified of its presentation; and we think it sufficient to allege, in the alternative, that such persons are owners, occupants or agents. In our opinion, the court did not err in refusing to dismiss the proceedings, on account of the alleged insufficiency of the petition.

Other rulings of the circuit court have also been assigned for error here, but they are not insisted upon or discussed by the appellants, in their brief. We are therefore not required to consider them.

The judgment is affirmed, at the costs of the appellants.