No. 15,391.

## RYDER, BY NEXT FRIEND, *v.* HORSTING ET AL.

HIGHWAY.—*Collateral Attack on Proceedings.*—*Presumption.*—In a collateral attack on a highway proceeding, the presumption is that such proceeding is not void.

SAME.—*Notice of Establishment.*—The establishment of a highway without notice to the land-owner affected, his agent or occupant, is void.

SAME.—*Injunction.*—A complaint to enjoin the opening of a highway through the plaintiff's land for want of notice must contain an aver-

Ryder, by Next Friend, *v.* Horsting *et al.*

ment that neither he nor his agent nor the occupant thereof had such notice.

COUNTY COMMISSIONERS.—*Presumption as to Jurisdiction.*—The presumption is in favor of the jurisdiction of the commissioners' court, and the regularity of their proceedings, where a collateral attack is made upon the same.

From the Knox Circuit Court.

*W. C. Johnson,* for appellant.

*W. A. Cullop* and *C. B. Kessinger,* for appellees.

MILLER, J.—This was an action by the appellant against the appellees for an injunction.

The complaint shows that the appellant was the owner of a tract of enclosed land in Knox county, and a resident and tax-payer thereof; that at the March term of the commissioners' court of said county, preceding the filing of her complaint, a petition was filed in said court for the opening of a highway through her land; that in the petition she was not named or set forth as one of the owners of said real estate, nor was the name of her authorized agent, or guardian, mentioned therein, nor was the real estate described as the property of persons unknown to the petitioners; that no notice of the filing of the petition was ever given to her, her agent, or guardian, and that neither she, nor her agent or guardian, had notice that the petition had been filed, or was for hearing in said court; that at said term of the commissioners' court an order was made by the court directing the opening of the highway; that the order did not set out or contain the name of the plaintiff, her agent or guardian, or in any way intimate that she was connected with, or interested in, the same; that she did not appear in such proceedings, either in person or by her guardian, agent or attorney; that the defendants, one- of whom is the township trustee, and the other the road supervisor, are proceeding under said order to tear down her fences, and expose said lands to depredation, to her damage in the sum of five hundred dollars. Wherefore she asks that they be enjoined.

A demurrer was sustained to this complaint, and final judgment rendered against her for costs. The sufficiency of this complaint is the only question before us.

This being a collateral attack upon an order of the commissioners' court, made in a matter presumptively within their jurisdiction, must fail unless the proceedings are so defective as to be void. *McDonald* v. *Payne,* 114 Ind. 359.

The commissioners' court having ordered the opening of the highway, necessarily passed upon the facts necessary to acquire jurisdiction. In Elliott on Roads and Streets, 219, it is said : "The judgment of an inferior court upon jurisdictional facts is generally regarded as conclusive ; and where there is a judgment necessarily affirming that jurisdiction exists, and this judgment could not have been pronounced without passing upon jurisdictional facts, it will be conclusive as against all collateral attacks." *Rassier* v. *Grimmer, post,* p. 219 ; *Lamb* v. *Cain,* 129 Ind. 486.

Without notice there could be no jurisdiction. Lewis Eminent Domain, section 364.

It may now be considered settled that, in a petition for the location of a highway, the names of the owners, occupants, or agents, must be set forth. *Hays* v. *Campbell,* 17 Ind. 430 ; *Hughes* v. *Sellers,* 34 Ind. 337 ; *Wild* v. *Deig,* 43 Ind. 455 ; *Meyers* v. *Brown,* 55 Ind. 596 ; *Porter* v. *Stout,* 73 Ind. 3 ; *McIntyre* v. *Marine,* 93 Ind. 193.

In *Porter* v. *Stout,* 73 Ind. 3, the statute (now sections 5001, 5015) was construed, and it was held that the provisions of the act were complied with by making either the owner, the agent, or the occupant, a party. In that case it is said : " The language plainly indicates this, for, in legal effect, it is precisely the same as if the words were, ' shall set forth the names of the owners, or the names of the occupants, or the names of the agents.' Unless we do violence to the language used, we must hold that the statute requires that one of the three persons designated—the owner, the occupant, or the agent—shall be named, but that it does not require that

the owner of, the occupant of, and the agent for the same land shall all be named in the petition."

This case must be decisive of the one before us, for with all the care taken to charge that neither the appellant, her agent nor guardian, nor any owner of the property unknown to the petitioners, were named in the petition, nor that either of them had notice, or knowledge, of the proceedings, no allegation whatever concerning the " occupant " is found in the complaint. The omission seems significant.

We are to presume in favor of the jurisdiction of the commissioners' court, and the regularity of their proceedings, where a collateral attack is. made upon the same.

It may well be that every statement in the complaint is true, and yet the jurisdiction of the court be complete to order the opening of the highway through the lands of the appellant.

In aid of the presumption in favor of the action of the commissioners' court we must, upon a collateral attack, infer that the lands of the appellant were occupied by some one as tenant, or otherwise, and that such tenant was made a party to the proceedings, and duly notified. Had the complaint disclosed the fact that at the time the proceedings in the commissioners' court were instituted the appellant was the sole occupant of the land, or that the occupant, if there was such, was not made a party, a different question would be presented.

In *Kimmey's Case*, 5 Harr. (Del.) 18, it was held that in a petition for a public road, a law requiring a notice to the owner or holder of the land was complied with by serving a notice on any person occupying, or in possession of the land, placed there by the owner, and such occupant need not be a tenant.

The court did not err in sustaining the demurrer to the complaint.

Judgment affirmed.

Filed Jan. 5, 1892.