SCOTTEN v. CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS—EMINENT DOMAIN—PROCEDURE—CONCLUSIVENESS OF JUDGMENT—ENJOINING COLLECTION OF ASSESSMENT.

The general statute authorizing the taking of private property for public use in cities and villages (3 How. Stat. chap. 83) provides that the petition to the court thereunder shall recite the adoption by the common council of the prescribed resolution of necessity; that notice shall be given to the owners of lands sought to be taken; that, no sufficient cause to the contrary being shown, the court may impanel a jury to determine the questions of necessity and compensation; and that the judgment of the court confirming the verdict of the jury shall be final and conclusive as to all persons interested therein. *Held*, that the statute contemplates a judicial determination of the questions raised by the averments of the petition; that a judgment of confirmation necessarily includes a determination by the court that the proceedings were properly instituted; that such judgment is not open to collateral attack; and that, therefore, judgment having been properly entered, a taxpayer cannot maintain a bill to restrain the collection of an assessment for benefits derived from the improvement on the ground that the resolution of the council was not legally adopted.

2. SAME—OPENING STREET—CROSSING OF PUBLIC ALLEY.

In proceedings to open a street, it is not necessary to condemn a public alley crossed thereby, since the condemnation of the land abutting on the alley leaves no one who is in position to complain of its use for a public street.

Appeal from Wayne; Carpenter, J. Submitted June 18, 1895. Decided October 1, 1895.

Bill by Daniel Scotten against the city of Detroit and Albert H. Stoll, receiver of taxes, to restrain the collection of an assessment. From a decree dismissing the bill, complainant appeals.   Affirmed. `

*Alfred Lucking (John D. Conely,* of counsel), for complainant.

*John J. Speed,* for defendants.

MONTGOMERY, J.   This is a bill filed to restrain the collection of an assessment levied by the common council to pay for the opening of Toledo avenue.   It is contended that the proceedings for the opening of this street were fatally defective and without jurisdiction, and that, this being so, the assessment of complainant's property is without authority of law.

The proceedings were taken under the general statute providing for the taking of property for public use in cities and villages, being chapter 83, 3 How. Stat.   Section 2 of the act provides that—

"Proceedings may be commenced and prosecuted under this act whenever the common council * * * shall have declared a public improvement to be necessary, * * * and shall declare that they deem it necessary to take private property, describing it, for such public improvement, designating it, and that such improvement is for the use or benefit of the public.   They shall by resolution direct the city or village attorney * * * to institute the necessary proceedings in behalf of the municipality, * * * in the proper court, to carry out the object of the resolution in regard to taking private property by the city, village, or county."

The resolution adopted by the common council in this case did not receive the signature of the mayor, and the evidence shows that it was not presented to the mayor for his signature, as is required by the city charter in case of resolutions providing for the expenditure of money.   We assume for the purposes of this case that the resolution in question required the signature of the

mayor. The question then arises whether the determination of the recorder's court is conclusive upon the question of whether the antecedent steps were properly taken. This involves an examination of the act in question.

By section 2, jurisdiction is conferred upon the circuit court for the county, and, in case of cities, upon the recorder's court, in all cases brought under the act. Section 3 provides that the city clerk shall make, and deliver to the attorney, a copy of the resolution provided by section 2, duly certified, and it shall be the duty of such attorney to prepare and file, in the name of the city, in the court having jurisdiction of the proceedings, a petition signed by him in his official character, and duly verified, to which petition a certified copy of the resolution of the common council shall be annexed, which certified copy shall be *prima facie* evidence of the action taken by the common council. "The petition shall state, among other things, that it is made and filed as commencement of judicial proceedings by the municipality, * * * in pursuance of this act, to acquire the right to take private property for the use or benefit of the public. * * * The petition shall also state that the common council * * · * has declared such public improvement to be necessary, and that they deem it necessary to take the private property described in that behalf for such improvement, for the use or benefit of the public." Succeeding sections provide for the issue of summons, and for service. Section 6 provides that on the return day of the summons, or on some subsequent day to which the proceedings were adjourned, if no sufficient cause to the contrary has been shown, the court may order the impaneling of a jury. Section 8 provides for the determination by the jury of the necessity for the proposed improvement. Section 10 provides that the verdict of the jury may be set aside by the court, and a new trial ordered, as in civil cases at law in the circuit courts of this State. Section 11 provides that motions for a new trial shall be made within two days, and that, if such motion is not made,

the court shall enter an order or judgment confirming the verdict of the jury, and such judgment of confirmation, unless reversed by the Supreme Court, shall be conclusive and final as to all persons interested therein. Section 21 provides that the common council shall not have power to discontinue proceedings under this act after rendition of the verdict of the jury. Section 15 of the act provides for an assessment of property for benefits from the opening of the street.

It is apparent, we think, that the legislative purpose was to provide for a judicial determination of the questions involved and stated in the petition. While it is true that the common council, in the first instance, is the body to determine the necessity for instituting the proceedings, it is clearly contemplated that the question of whether this action by the council has been had shall be open to determination by the court, for it is provided that the petition shall set forth and state the fact of the adoption of such resolution. It is one of the questions put in issue by the petition, which is the pleading in the case, and it is only in case no sufficient cause to the contrary has been shown that the court proceeds to impanel a jury; and, when the judgment is finally entered by the court, it is declared that it shall be final and conclusive as to all persons interested therein. If this is a judicial proceeding, can it be said that it is open to attack by any party in a collateral proceeding? We think not. We think, when the judgment was pronounced by the court, this bound the city, and compelled the authorities to make compensation to the owners of the land. The power to dismiss the proceedings voluntarily by the city terminated at the rendition of the verdict of the jury. Where the owner of the property has the opportunity to have a hearing, we think the determination of the court that the proceeding is properly instituted is conclusive in all collateral proceedings. See Lewis, Em. Dom. § 605, and cases cited; Van Fleet, Coll. Attack, § 62; *Dyckman* v.

*Mayor of New York,* 5 N. Y. 434; *Borgman* v. *City of Detroit,* 102 Mich. 261; *Lehmer* v. *People,* 80 Ill. 601.

It is urged by counsel that, while the judgment may be good as against the respondents in that proceeding, it is not good as against the taxpayer. But this statute pro· vides for two different proceedings,—one proceeding by which the street is to be opened, and in this proceeding in the court the city and the owner of the land sought to be taken are parties. The other proceeding is by the assessment of property benefited by the opening, for the benefits conferred. The first proceeding has been had. The highway is opened. This is accomplished in fact and in law. It is not open to the city to assert that its legal representative acted without authority, nor is it open to the respondents in that case to make that assertion. That was one of the questions litigated and determined by the court in that proceeding. How, then, shall the compensation for the opening of the street be made? This the statute also provides for, and it provides that proceedings shall be taken by the common council to determine the benefits, and to cause the same to be assessed, upon receipt of a certified copy of the verdict of the jury and of the judgment of confirmation. This proceeding is based upon the judgment, and, if it be binding in law upon the city, it furnishes a sufficient basis for the assessment of benefits derived from the opening. Counsel for complainant contend that it is incumbent upon the city to take precisely the steps marked out by the statute, before jurisdiction can exist to assess the tax. But we think the basis of the assessment is the judgment entered in the recorder's court under the authority of the statute. There can be no doubt that the statute might have provided that all preliminary proceedings might be dispensed with, and the questions of necessity and compensation have been submitted to that tribunal without the intervention of the common council at all. While this is not done, the fact remains that the statute does provide for a determination by the court,

which shall be conclusive that all prior proceedings have been taken. The fact, then, of a public highway is accomplished, and what the statute contemplates is an assessment of benefits from that public highway.

The case of *Hoyt* v. *City of East Saginaw*, 19 Mich. 39, is cited to sustain the contention of the complainant. Under the charter of East Saginaw, the determination of necessity and the assessment were both made by a jury, which was a special tribunal constituted for that purpose; and there was no provision of the statute which, either in direct terms or by fair implication, provided for a determination of the question of jurisdiction, or whether the precedent steps had been taken, by the court, which clearly, as we think, distinguishes that case from the present. Counsel also cite the case of *Mulligan* v. *Smith*, 59 Cal. 206. That case, however, presents the same question as was involved in *Hoyt* v. *City of East Saginaw*. It was contended that the preliminary question, namely, whether the petition was signed as required by the act, had been conclusively determined—*First*, by the certificate of the mayor; and, *second*, by the judgment of the county court confirming the report of the board of public works. The court say:

"The statute required the petition to be made to the mayor, but he was charged with no duties in connection with it. He was not authorized to enter into any investigation of the frontage as represented by the petition, or to adjudicate its sufficiency, or to make any record in reference to it. He did append to it a certificate, but this certificate was unauthorized, and it is difficult to see how the unauthorized certificate to a document of a ministerial officer constitutes an estoppel."

With reference to the action of the county court, the court said:

"Its entire duty, as derived from the statute, was to approve and confirm the report, or refer it back to the board for the purpose of changing it in such respects as the court might, by its orders, direct. * * * Nowhere in the statute is the petition made part of the report, or of

the *data* or documents used in making it. Nor is it anywhere required that the board or the mayor shall return it to the court, or file it there or elsewhere. The court had, therefore, no jurisdiction of the petition,—no power to adjudge upon its execution; and it could not assume jurisdiction of it, or, by its judgment, decide upon its sufficiency and validity so as to conclude the defendant."

That the court did not intend to hold that jurisdiction could not be conferred upon the county court which would enable that court to finally determine the sufficiency of the proceedings to obtain jurisdiction is apparent from the case of *In re Grove Street*, 61 Cal. 438, subsequently decided. The case of *Mulligan* v. *Smith* was subsequently construed in *Zeigler* v. *Hopkins*, 117 U. S. 683, and was followed. The court, at page 688, say:

"With this conclusion we are entirely satisfied. It is supported by both reason and authority. The opinions of Justices M'Kee, Sharpstein, and Ross, which are found in the report of the case, leave nothing further to be said on the subject: 'A petition from the owners of a majority in frontage of the property to be charged with the cost of the improvement was necessary to set the machinery of the statute in motion,' and 'no step could be taken, under the provisions of the statute, until the requisite petition had been presented.' Neither the mayor nor the county court was 'authorized to enter into any investigation of the frontage as represented by the petition, or to adjudicate its sufficiency, or to make any record in reference to it.' 'The only powers which the county court, as a court of limited jurisdiction, was authorized to exercise,' were such as related to the matters contained in the report of the board of public works, and this did not include the petition."

And in *Zeigler* v. *Hopkins*, with the evident purpose of excluding any implication of a holding that a determination of a court might not be deemed conclusive, the question is stated, at page 687, to be—

"Whether, in an action of ejectment brought to recover the possession of lands sold for the nonpayment of taxes levied to defray the expenses of opening Montgomery avenue generally, and not in obedience to an order of a

court of competent jurisdiction to meet some particular liability which had been judicially established, the land-owner is estopped from showing, by way of defense, that the petition for the opening presented to the mayor was not signed by the owners of the requisite amount of frontage."

But in the present case there has been a judicial determination of the sufficiency of the petition, and we think the land-owner is estopped.

Counsel also refer to *In re Buffalo,* 78 N. Y. 362. The question in that case was whether the city might apply for an order to set aside an order appointing commissioners after the adjudication was had. The court held that this might be done. In the course of the opinion it is implied that, because of the failure to pass the resolution required by the act, the taxpayers might resist an assessment. This, however, was not necessary to a determination of the case. But it was said in this case that though the jurisdiction of the court depended upon the existence of fact, and it had power to find whether the fact existed, and though it did find and declare that it existed, and thus got jurisdiction, it would afterwards hear proof that there was error, and that the fact did not exist, and, by vacating its order, absolve itself from the error of taking jurisdiction in favor of a party who had no standing in court. That was a direct proceeding in the very matter, and before the same court, and the question presented is very different from that which we are called upon to determine.

It is claimed that that portion of certain alleys which were crossed by the street was not condemned in the proceeding to open the street, and that, therefore, there is not a continuous street by virtue of these proceedings. The property abutting on the alley, and necessary for opening the street, was condemned. The alley had already been devoted to a public use, and, the abutting property having been condemned, there is no one who is

in position to complain of its use for a public street.   See *Fagan* v. *City of Chicago*, 84 Ill. 227.

We think the decree of the court below dismissing the bill should be affirmed, with costs.

McGrath, C. J., Grant and Hooker, JJ., concurred. Long, J., did not sit.