[No. 6681.   Decided August 5, 1907.]

THE STATE OF WASHINGTON, *on the Relation of C. C. Pagett et al., Plaintiff*, v. THE SUPERIOR COURT FOR PIERCE COUNTY *et al., Respondents.*[1]

HIGHWAYS—ESTABLISHMENT—PROCEEDINGS — EMINENT DOMAIN—CERTIORARI—MATTERS REVIEWABLE. Upon certiorari to review an adjudication of public use in a proceeding to condemn land for a county road, the supreme court cannot review the preliminary proceedings had before the board of county commissioners for the establishment of the road, where the board had acquired jurisdiction of the persons and property.

SAME—FINDINGS BY COMMISSIONERS—COLLATERAL ATTACK. A finding by county commissioners, in a proceeding to establish a county road, that the petition was signed by ten householders of the county residing in the vicinity is conclusive, and cannot be attacked collaterally on certiorari to review an adjudication of public use in proceedings to condemn property for the road.

[1]Reported in 91 Pac. 241.

SAME—JURISDICTION—PRESUMPTIONS. Jurisdiction, once acquired to establish a county road, cannot be collaterally attacked, subsequent proceedings being presumed regular.

SAME—VIEWERS—NOTICE—STATUTES—AMENDMENT. Under Laws 1901, p. 200, amending the county road law so as to dispense with viewers, and providing that the county surveyor shall perform all the duties of the viewers, the sections of the act relating to the duties and reports of viewers must be interpreted as referring to the county surveyor; and notices drawn accordingly are sufficient.

HIGHWAYS—ESTABLISHMENT—DAMAGES—EMINENT DOMAIN—CERTIORARI—MATTERS REVIEWABLE. Upon certiorari to review an adjudication of public use, in a proceeding to condemn land for a county road, the awarding or ascertainment of damages cannot be reviewed.

EMINENT DOMAIN—PUBLIC USE. The appropriation of land for a county road is necessarily for a public use.

Certiorari to review a judgment of the superior court for Pierce county, Chapman, J., entered February 18, 1907, after a hearing on the merits, adjudging a public use in an action to condemn land for the use of a highway. Affirmed.

*Titlow & Huffer*, for relators.

*H. G. Rowland* and *F. Campbell*, for respondents.

CROW, J.—On March 31, 1905, a petition and bond were filed with the commissioners of Pierce county for laying out and establishing a county road to be known as the "Julius Gulch" road. Such proceedings were had that Pierce county afterwards filed in the superior court a petition to condemn for said road certain land belonging to C. C. Pagett, Mabel Pagett, and Bridget Duffy, the relators herein, and the superior court, after taking evidence, adjudged that the purpose for which the land was sought to be condemned was a public use. Thereupon the relators applied to this court for a writ of review. Upon notice, the county appeared, interposed objections, and resisted the application, contending that the relators had an adequate remedy by appeal. In a written opinion, 46 Wash. 35, 89 Pac. 178, we granted the writ, returnable May 1, 1907. A transcript of the record and proceed-

ings having been fully certified to this court, the same is now before us on final hearing.

It appears that the original petition for the establishment of the road, upon its face, purported to be signed by ten householders; that it complied in all respects with the requirements of Bal. Code, § 3773 (P. C. § 7822); that it was accompanied by a bond executed in due and legal form; that it was referred to the county surveyor who filed his report; that the relators failed to file any written waiver of damages, or claim for damages; that personal service of notice of hearing was made on the relators; that the commissioners ordered the road to be established; that a tender of damages was made to each of the relators, which they failed to accept, and that condemnation proceedings were ordered. The relators, in their assignments of error, have directed our attention to certain alleged irregularities which they insist render all proceedings before the county commissioners null and void. Although these alleged irregularities are regarded by us as immaterial, some of them will be hereinafter discussed. The relators have, in fact, presented many assignments of error which it will be unnecessary for us to consider by reason of our views on the jurisdictional questions raised. The substance of their contention seems to be, that in this action we are authorized to fully review all proceedings had before the county commissioners preliminary to their orders establishing the road and directing condemnation.

The primary purpose of the writ issued herein is to enable us to review the order of the superior court adjudging that the purpose for which the relators' land is sought to be taken is a public use, and not to review the acts of the county commissioners. While it is true that statutes delegating the right of eminent domain are to be strictly construed as in derogation of private rights, we do not think that, in a proceeding of this character, instituted for the sole purpose of reviewing an order adjudging a public use, we can be called upon to critically examine or review all the preliminary proceedings

had before the board of county commissioners. The commissioners had, under the statute, jurisdiction of the subject-matter of establishing the road. As shown by the record and by the filing of a proper petition and bond approved by them, and service of process thereon, they also acquired jurisdiction of the persons and property of the relators. As it further appears that damages have been tendered to the relators, which they have declined to accept; that the commissioners have established the road, and that they have directed condemnation, no further inquiry can be here made into the preliminary road proceedings. All these facts having been pleaded and shown, nothing more can be required.

The relators nevertheless contend that the trial court erred in refusing them permission to show that some of the signers of the road petition were not householders, as required by Bal. Code, § 3772 (P. C. § 7821), and insist that they were entitled to attack the sufficiency of the petition in that regard, and the jurisdiction of the county commissioners. In support of this position they cite *Mulligan v. Smith*, 59 Cal. 206, afterwards cited and followed in *Zeigler v. Hopkins*, 117 U. S. 683, 6 Sup. Ct. 919, 29 L. Ed. 1019. From the opinion in *Mulligan v. Smith* it affirmatively appears that the statute did not authorize the mayor to enter into any investigation of the frontage represented by the petition, or to adjudicate its sufficiency. Our statute, 3 Bal. Code, § 3775 (P. C. § 7824), confers upon boards of county commissioners such judicial authority. They are authorized to consider and pass upon the sufficiency of the petition and bond. The records introduced in evidence show that the commissioners affirmatively determined and found that the petition was signed by at least ten householders of the county residing in the vicinity of the road, and that it was accompanied by a bond approved by the board. Such finding cannot be attacked in this collateral proceeding. It shows jurisdiction in the commissioners. *In re Grove Street*, 61 Cal. 438; *Humboldt County v. Dinsmore*, 75 Cal. 604, 17 Pac. 710; *Hill v. Board of Supervisors*,

95 Cal. 239, 30 Pac. 385; *People v. Reclamation District,*
121 Cal. 522, 50 Pac. 1068, 53 Pac. 1085; *Lingo v. Burford,*
112 Mo. 149, 20 S. W. 459; *Belk v. Hamilton,* 130 Mo. 292,
32 S. W. 656; *Scotten v. City of Detroit,* 106 Mich. 564,
64 N. W. 579; *Porter v. Stout,* 73 Ind. 3; *Ryder v. Horsting,*
130 Ind. 104, 29 N. E. 567, 16 L. R. A. 186; *Chicago etc.*
*R. Co. v. Sutton,* 130 Ind. 405, 30 N. E. 291; *Longfellow*
*v. Quimby,* 29 Me. 196, 48 Am. Dec. 525; *McClelland v.*
*Miller,* 28 Ohio St. 488.

The above authorities also establish the doctrine that, when
jurisdiction has once been acquired under a proper petition
and notice, the subsequent proceedings being presumed regu-
lar cannot be collaterally attacked. The trial court committed
no error in rejecting the evidence offered for the purpose of
showing that the petitioners were not householders.

Sections 3774 to 3779, inclusive, Bal. Code, being §§ 4 to
9, inclusive, of chapter 50, Session Laws of 1895, were
amended by chapter 96, Session Laws of 1901, page 200. A
comparison of the amended with the original sections will show
that the principal change consisted in providing that the
county surveyor should perform all the duties theretofore re-
quired of viewers. It is apparent from the amended act of
1901 that the legislature intended to dispense with the ap-
pointment of viewers. It however failed to amend §§ 3781
and 3782, Bal. Code (P. C. §§ 7830, 7831), being §§ 11 and
12 of the act of 1895, and such sections still provide for the
giving of notice, and for further proceedings by the county
commissioners, *on the report of the viewers.* But the previous
§ 3775, Bal. Code, providing for the appointment of viewers,
having been repealed, no such appointment is now authorized.
The county surveyor discharged all duties formerly required
of the viewers, and made his report in due and legal form.
As the relators had not waived damages, the commissioners
caused notice to be personally served upon them that, at a
time stated, the board would take up for hearing the *surveyor's*
report on the petition, together with the petition. As § 3781,

Bal. Code, requires such notice to be given upon the report of the *viewers*, the relators contend the notice given was insufficient and conferred no jurisdiction over them or their property. In their brief they insist that it is impossible for the county under the present statutes to condemn any right of way for a county road; that the exact procedure provided by the statutes must be followed, and that no valid notice of hearing on the petition and the surveyor's report can now be given to owners who have not waived damages. We understand this to be the vital point upon which the relators rely for a reversal herein. In substance they contend, (1) that no viewers are authorized; (2) that notice must only be given on the report of viewers; (3) that, there being no such report for want of viewers, therefore no valid notice conferring jurisdiction can be served.

The amendments of 1901 indicate a legislative intent that the county surveyor shall perform all duties formerly delegated to viewers. The mere oversight or inadvertence of the legislature in failing to amend §§ 3781 and 3782, Bal. Code, did not result in a complete annihilation of the road law so that no condemnation could be had of lands belonging to owners who refused to waive damages. It was not the intention of the legislature by the act of 1901 to place it within the power of owners to prevent the establishment of a road by their mere refusal to waive damages. It is our duty to so construe the amended law as to preserve it and carry out the legislative intent. We therefore hold that the county commissioners acted with lawful authority when they served notices upon the relators of a hearing upon the petition and the report of the surveyor. As the law now stands the word "viewers," wherever it occurs, either in the statute or the road proceedings, must be interpreted as referring to the county surveyor. Such a construction is necessary to preserve the vitality and effectiveness of the entire statute and carry out the legislative intent. We hold the notice and its service on

the relators to have been valid, to have conferred jurisdiction, and to have been properly admitted in evidence.

This holding effectually disposes of all other assignments of error presented by the relators. We will, however, allude to their contention that the preliminary proceedings of the commissioners are void, for the reason that it does not affirmatively appear that they by order declared the amount of damages awarded to relators, or that they ordered the amount of such damages to be set apart in the treasury out of the proper fund to be paid to the relators, or that they determined the amount of damages which in their judgment should be tendered to the relators. Damages were actually tendered by the commissioners and were refused by the relators. This being true, we cannot, in this collateral proceeding, review the action of the county commissioners in the matter of awarding or ascertaining damages. Such review, if had at all, must be obtained by some direct procedure. All jurisdictional matters were pleaded and shown in the superior court. The only question it was called upon to decide was, whether the proposed use of the relators' land was public. As it appears that the land is to be appropriated for a county road, it necessarily follows that the only judgment which the superior court could have rendered was the one entered. The appropriation of private property for a highway is necessarily for a public use. *State ex rel. Schroeder v. Superior Court*, 29 Wash. 1, 69 Pac. 366; *State ex rel. Thomas v. Superior Court*, 42 Wash. 521, 85 Pac. 256.

We fail to find that the honorable trial judge has committed any prejudicial error. The judgment is affirmed, and the stay of proceedings heretofore granted by this court will be vacated upon the filing of this opinion.

Root, Fullerton, and Mount, JJ., concur.