[No. 15644.    Department Two.    March 24, 1920.]

THE STATE OF WASHINGTON, *on the Relation of A. M. Cation et al., Plaintiff,* v. THE SUPERIOR COURT FOR WALLA WALLA COUNTY *et al., Respondents.*[1]

EMINENT DOMAIN (107)—JURISDICTION. The court has no jurisdiction to entertain condemnation proceedings to establish a county road if the board of county commissioners had no jurisdiction to direct the proceedings to be instituted.

HIGHWAYS (14)—ESTABLISHMENT—NOTICE TO LANDOWNER—NECESSITY—JURISDICTION. Under Rem. Code, § 5634, providing that upon due proof "made by affidavit" of the service of notice of proceedings for the establishment of a county road, the board of county commissioners shall proceed to a hearing, the board proceeds without jurisdiction where the only proof of service was the unverified return of the sheriff.

HIGHWAYS (14)—EMINENT DOMAIN (116)—NOTICE TO OWNER—PROOF OF SERVICE—JURISDICTION. The board of county commissioners being a tribunal of special and limited jurisdiction, a recital in an order establishing a county road of due service and posting of notices of the hearing, "as appears from the return of the sheriff . . . on file herein," is not sufficient to establish jurisdiction, especially where the return referred to is admittedly the only proof of service and is not "by affidavit" as required by Rem. Code, § 5634.

SAME. Statutes of eminent domain being strictly construed as in derogation of private rights, landowners served with notice of a

[1]Reported in 188 Pac. 546.

hearing for the establishment of a county road, may insist that the board is without jurisdiction where proof of service was not made "by affidavit" as required by statute.

Certiorari to review a judgment of the superior court for Walla Walla county, Mills, J., entered November 3, 1919, declaring a public necessity for the condemnation of lands for a public road. Reversed.

*Evans & Watson*, for relators.

*Earl W. Benson* and *John C. Hurspool*, for respondents.

TOLMAN, J.—The proceedings here under review occurred in an action brought by Walla Walla county against the several plaintiffs here to condemn certain lands for a public highway, pursuant to Rem. Code, § 5623 *et seq*. The petition in that action, as filed in the superior court, alleged in detail compliance by the board of county commissioners with the various provisions of the statute, and,

"That thereafter on the 30th day of August, 1918, the county commissioners ordered that a hearing on said report of said engineer be heard on the 27th day of September, 1918, and that due notice of said hearing was duly served upon the defendants above named, they being the owners of the lands over which said proposed road runs, more'than twenty (20) days prior to the date of such hearing."

Plaintiffs here, defendants there, by answer denied the allegations as to the service, and upon a hearing in the superior court such service was sought to be proved by the introduction of the order of the board of county commissioners, made on September 27th, 1918, which recited that due notice of the said hearing had been served more than twenty days prior thereto and further recited:

". . . It appearing to the court that all persons interested in the establishment of said highway and whose lands are affected thereby have been duly served with notice of the hearing on the establishment of the said proposed road, and the following named persons having been served personally within Walla Walla county as appears from the sheriff's return on file herein on the 3rd day of September, 1918, to wit: Frances Lyons, John R. Lyons, Mary H. Dunphy, Grace I. Lyons, and John R. Lyons, Joseph W. Lyons and Grace I. Lyons as trustees. The following named persons as appears from the return of service of the sheriff of Walla Walla County on file herein were duly and personally served in Walla Walla County on the 4th day of September, 1918, A. M. Cation and Nannie E. Cation; and each and all of said persons having been served with a true and correct copy of the original notice of hearing upon the establishment of said road, and it appearing that Frances T. Garrecht and Theresa J. Dailey are and each of them is a non-resident of Walla Walla County and cannot be found therein; that a true and literal and correct copy of the notice of hearing on the establishment of such road was posted upon the lands belonging to said Frances T. Garrecht, and another true and correct copy of said notice was posted on the lands of the said Theresa J. Dailey, in each case at or near the place where the said proposed highway would intersect the land of the said Dailey and of the said Garrecht; and another true and correct copy of the notice of hearing on the establishment of said road having been posted at the county court house in the city and county of Walla Walla, said posting having been made in all respects in compliance with law upon the 6th day of September, 1918, and that more than 20 days has elapsed since the day and date of said service in each case, and no persons whatsoever appearing before this board in opposition to the opening of said road, and the Board being satisfied that said road is a public necessity, now declares the same to be a public necessity."

In addition, the various returns referred to in the order were introduced over the objection that they

were not by affidavit, and were therefore insufficient under the statute, and it was then conceded that these were the only written records of service shown by the proceedings before the board of county commissioners. Thus there is presented the single, but by no means simple, question of whether or not the board of county commissioners had jurisdiction to make the order of September 27th, 1918, establishing the said road and directing the prosecuting attorney to proceed by condemnation to procure the right of way; for, if the board had no jurisdiction to make the order directing the condemning of plaintiff's lands, then the superior court had no jurisdiction to entertain the condemnation proceedings. *State ex rel. Davies v. Superior Court,* 102 Wash. 395, 173 Pac. 189. The statute under which the board proceeded provides:

"On the day fixed for said hearing or to which such hearing may be postponed or adjourned, the said board, upon due proof to the satisfaction of the board, made by affidavit, of the service or posting of notice of hearing, as by this chapter required, shall proceed to the hearing of said report, . . ." Rem. Code, § 5634.

It clearly appears that the proofs of service of notice here, aside from the recitals in the order, were not made by affidavit, each being in form such a return as is usually made on a summons when served by a deputy sheriff; and therefore, if we are to hold that the board had jurisdiction, it must be by reason of the recitals that due notice had been given, and the persons interested had been duly served.

That a recital of due service in the judgment of a court of general jurisdiction is sufficient, as against collateral attack, we have held. *State ex rel. Boyle v. Superior Court,* 19 Wash. 128, 52 Pac. 1013, 67 Am. St. 724; *Merz v. Mehner,* 57 Wash. 324, 106 Pac. 1118. But while the board acts judicially in a matter of this kind,

its jurisdiction is special and limited by the statute which confers the power. It is contended that in *State ex rel. Padgett v. Superior Court,* 47 Wash. 11, 91 Pac. 241, we have applied the same rule to a board of county commissioners acting in a matter similar to the one we are now considering. It was there said:

"The commissioners had, under the statute, jurisdiction of the subject-matter of establishing the road. As shown by the record and by the filing of a proper petition and bond approved by them, and service of process thereon, they also acquired jurisdiction of the persons and property of the relators. As it further appears that damages have been tendered to the relators, which they have declined to accept; that the commissioners have established the road, and that they have directed condemnation, no further inquiry can be here made into the preliminary road proceedings. All these facts having been pleaded and shown, nothing more can be required.

"The relators nevertheless contend that the trial court erred in refusing them permission to show that some of the signers of the road petition were not householders, as required by Bal. Code, § 3772 (P. C. § 7821), and insist that they were entitled to attack the sufficiency of the petition in that regard, and the jurisdiction of the county commissioners. . . . Our statute, 3 Bal. Code, § 3775 (P. C. § 7824), confers on boards of county commissioners such judicial authority. They are authorized to consider and pass upon the sufficiency of the petition and bond. The records introduced in evidence show that the commissioners affirmatively determined and found that the petition was signed by at least ten householders of the county residing in the vicinity of the road, and that it was accompanied by a bond approved by the board. Such finding cannot be attacked in this collateral proceeding. It shows jurisdiction in the commissioners. *In re Grove Street,* 61 Cal. 438; *Humboldt County v. Dinsmore,* 75 Cal. 604, 17 Pac. 710; *Hill v. Board of Supervisors,* 95 Cal. 239, 30 Pac. 385; *People v. Reclamation District,* 121 Cal. 522, 50 Pac. 1068, 53 Pac. 1085; *Lingo*

*v. Burford,* 112 Mo. 149, 20 S. W. 459; *Belk v. Hamilton,* 130 Mo. 292, 32 S. W. 656; *Scotten v. City of Detroit,* 106 Mich. 564, 64 N. W. 579; *Porter v. Stout,* 73 Ind. 3; *Ryder v. Horsting,* 130 Ind. 104, 29 N. E. 567, 16 L. R. A. 186; *Chicago etc. R. Co. v. Sutton,* 130 Ind. 405, 30 N. E. 291; *Longfellow v. Quimby,* 29 Me. 196, 48 Am. Dec. 525; *McClelland v. Miller,* 28 Ohio St. 488.

"The above authorities also establish the doctrine that, when jurisdiction has once been acquired under a proper petition and notice, the subsequent proceedings being presumed regular cannot be collaterally attacked."

It is manifest that the board, having jurisdiction of the subject-matter of establishing a road, and jurisdiction of the person of the parties interested, by the due service of process, may have found either way upon the question of fact as to whether or not the signers of the petition were householders; and such finding, if not appealed from, would be binding upon all parties then before the board, hence a very different question was there presented and decided.

It is also to be observed that in the *Padgett* case and, in the main, the cases upon which it is based, the jurisdiction of the board or court of the subject-matter and of the parties was established or admitted, while here the vital question is, did the board have jurisdiction of these property owners. Had the order of the board stopped with the recital that due service had been made, there are authorities which would support the view that the finding could be successfully attacked only by an appeal from the order. *Ryder v. Horsting,* 130 Ind. 104, 29 N. E. 567, 16 L. R. A. 186; *Lingo v. Burford,* 112 Mo. 149, 20 S. W. 459; *Scotten v. Detroit,* 106 Mich. 564, 64 N. W. 579. But where, as here, the order goes on to recite, "as appears from the return of service . . . on file herein" and such return is introduced with the admission that it is the only writ-

ten return and on its face fails to meet the statutory requirements, it would be illogical to hold that the board had other proof of service before it which did comply with the statute; and while there are cases which seem to so hold, they are based on statutes differing from ours, or their reasoning does not appeal to us as being sound.

It is urged that it is the fact of service that gives the board jurisdiction and not the proof of that service. Admitting this to be true as a general proposition of law, how can it be determined here that there was such service in fact when the proof required by the statute, and therefore the only competent proof, was entirely lacking.

"A notice in writing is required, and proof of that notice is expressly prescribed. The required proof cannot be dispensed with. A written notice must be delivered to the party to be notified; an ordinary service by an officer would be insufficient. The county court must have an affidavit of the delivery of such notice; an official return 'executed' is not an affidavit, or such an one as the statute requires.' " *Newby v. Perkins,* 1 Dana (Ky.), 440, 25 Am. Dec. 160.

The general rule recognized by all courts is that statutes delegating the right of eminent domain are to be strictly construed as in derogation of private rights; and since, if one be not served with process, he is not a party and has no right of appeal from the order which falsely recites due service upon him, we are constrained to hold that the jurisdiction of the board of the property or person of the owner thereof must appear on the face of its proceedings; and since the order here complained of, when taken as a whole, shows that the only proof of service before the board was the unverified returns of the deputy sheriff, and since we find no statute making it the official duty of

the sheriff or his deputy to serve the notices required by Rem. Code, § 5633, we are forced to the conclusion that the board had before it no such proof of service as the statute requires, hence could not find that the interested parties had been duly served, and therefore was without jurisdiction to make the order establishing the road and directing the institution of condemnation proceedings. The order of necessity entered by the superior court will therefore be set aside, and the condemnation proceedings dismissed as to these plaintiffs, but without prejudice to further proceedings when the board shall have made a proper order based upon competent, statutory proof of service.

HOLCOMB, C. J., FULLERTON, BRIDGES, and MOUNT, JJ., concur.