[No. 17231.   Department One.   January 19, 1923.]

THE STATE OF WASHINGTON, *on the Relation of* WHITMAN COUNTY, *Plaintiff,* v. THE SUPERIOR COURT FOR WHITMAN COUNTY, *R. L. McCroskey, Judge, Respondent.*[1]

CERTIORARI (8)—JURISDICTION—AMOUNT IN CONTROVERSY.   Certiorari lies to review an order dismissing proceedings by a county to condemn land for a highway, regardless of the value or amount in controversy.

EMINENT DOMAIN (158)—HIGHWAYS (21)—PROCEEDINGS—REVIEW ON CERTIORARI.   No appeal being provided for, certiorari lies to review an order dismissing proceedings to condemn lands for a highway.

EMINENT DOMAIN (102)—PROCEEDINGS—RIGHT TO INSTITUTE.   In proceedings to condemn lands for a county highway, it will be presumed that the prosecuting attorney was authorized to apply for the writ.

EMINENT DOMAIN (113)—HIGHWAYS (14)—NOTICE TO OWNERS—JURISDICTION.   Proceedings to condemn land for a highway cannot be objected to for want of jurisdiction by persons brought in by due process on the ground that other property owners had not been notified, especially where the land of such persons is not taken, in view of Rem. Comp. Stat., § 6468, by which those interested in the lands to be taken and not consenting are the only necessary parties to the condemnation proceedings.

EMINENT DOMAIN (107, 115)—PROCEEDINGS—JURISDICTION—SERVICE OF NOTICE.   In proceedings to condemn for a county road, nonappearance of minors at the hearing does not affect the jurisdiction where each of them and their general guardian for each of them were personally served with notice of hearing.

SAME (116)—PROCEEDINGS—NOTICE—PROOF OF SERVICE.   Upon proof of service of notice in condemnation proceedings by affidavit of a deputy sheriff making the service, it will be presumed that he was of legal age and qualified to make the service.

Certiorari to review a judgment of the superior court for Whitman county, McCroskey, J., entered April 12, 1922, dismissing condemnation proceedings, after a hearing before the court.   Reversed.

[1]Reported in 212 Pac. 268.

*G. A. Weldon* and *Hanna, Miller & Hanna,* for
appellant.

*Pickrell & Stotler,* for respondent.

HOLCOMB, J.—Whitman county, a municipal corpora-
tion, through proceedings instituted by a petition and
bond filed with its board of county commissioners,
sought to establish a change in a county highway- over
certain lands in that county, the highway being known
as the ''Herman Schreiber Road,'' and the proceed-
ings upon the petition in question being known as
''A Change in the Herman Schreiber Road.'' Upon
the filing of the petition and bond, the board of county
commissioners ordered the route of the road, with the
change the petition called for, to be surveyed by the
county engineer. The survey was made. The engineer
filed in the commissioners' court the information re-
quired by Rem. Comp. Stat., § 6463, in full, and he
recommended that the change petitioned for and as
surveyed by him be made. The county commissioners,
by their order, fixed July 18, 1921, at 1 o'clock p.m.
at their court room as the time and place of hearing,
and caused notice of the hearing to be given.

At the time the hearing was set, it was continued
by order of the board to September 7, 1921, at 9:30
o'clock a.m. On that day the commissioners proceeded
with the hearing and entered an order awarding dam-
ages to the non-consenting property owners, and an
order establishing changes in the road, as such changes
were surveyed and recommended by the report of the
county engineer, which included a change over and
across the land of John O'Neil, and the others inter-
ested therein, and in the order the commissioners
directed the county attorney to institute proceedings
pursuant to the provisions of the statute. Subse-
quently and before any condemnation proceedings

were begun, on October 3, 1921, it appearing to the commissioners that the tenants upon the land of John O'Neil had not been made any award in the former order and award of damages, they made a further award to these tenants. Thereafter on October 7, 1921, the clerk of the board of county commissioners, acting for the county, made tenders of the awards of damages, as determined and fixed by the board, to each of the persons who were subsequently made respondents in an action by the county to condemn the land, including tenders to the guardian of the minors, and the minors themselves in person, except as to the award to Mamie Neal, who was at that time a nonresident of the county. The awards having been refused upon such tenders, the clerk of the board of commissioners cashed the warrants drawn for the awards made and paid the money into the registry of the superior court of Whitman county, including the award to Mamie Neal, to whom tender had not been made.

The petition and amended petition, prepared by the county attorney and filed in the superior court of Whitman county to condemn a right of way, made John O'Neil and the others who had not consented to the taking of their lands and accepted the compensation and damages awarded, and others, as the parties, designated respondents, to the action. They were all served with the notice of the petition as required by the statute.

At the time of the hearing in the superior court as fixed by the notice, all the respondents, so called, appeared specially by motion, objecting to the jurisdiction of the court, which motion was overruled. The respondents then made answer, seeking to maintain their special appearance, denied certain paragraphs of the amended petition, and denied the validity and

legality of all the allegations of the proceedings as
alleged in the amended petition, whereby they sought
to raise questions of jurisdiction before the superior
court only.

The county then made proof of the proceedings in
the commissioners' court by producing the records of
the commissioners, and also made parol proof of their
allegations in their petition as to tenders and other
matters. Respondents, in the superior court, moved
to dismiss the action, which was denied, and they then
made proof under their answer, but over the objection
of the county, from the commissioners' records and by
certified copies of certain instruments from the audi-
tor's record, and by parol proof, to show that certain
landowners, and certain mortgagees holding incum-
brances upon the land through which the change in
the Herman Schreiber Road as petitioned for and
surveyed, none of whom had filed waivers, and none
of whom had any interest in the land sought to be
condemned in the proceedings before the court, had
not been served, so far as the record of the commis-
sioners showed, with notice of the hearing before the
board.

The trial court later made an order finding that the
county commissioners of Whitman county did not have
jurisdiction of the proceedings concerning the road
sought to be changed and established, nor of certain
persons interested therein, and that the superior court
had not acquired jurisdiction in the action pending,
and adjudged that, because of the lack of jurisdiction
of the county commissioners, the superior court had
not acquired and did not have jurisdiction of the
action, and dismissed the condemnation proceedings,
refusing to grant any relief prayed for in the amended
petition. The county excepted to these conclusions,

and the order of the court, and brought the proceedings here by writ of review.

Respondents in this court object to the jurisdiction of this court to entertain this proceeding, for the reasons that the amount involved is less than $200, that petitioner has an adequate remedy at law, and that there is no authority shown herein for the proceeding, in that there is no allegation that the county commissioners have directed or authorized the application herein.

These objections must be overruled. This is not a proceeding "for the recovery of money or personal property where the original amount in controversy or the value of the property does not exceed the sum of $200," but is an action to condemn real property. Moreover, this court has entertained jurisdiction in just this kind of proceeding by review where it was shown that the relators, the landowners, had been adjudged damages of only $65. *State ex rel. Schroeder v. Superior Court,* 29 Wash. 1, 69 Pac. 366. And we have entertained such proceedings in subsequent cases; *State ex rel. Davies v. Superior Court,* 102 Wash. 395, 173 Pac. 189, and *State ex rel. Cation v. Superior Court,* 110 Wash. 506, 188 Pac. 546. Nor is there any merit in the other grounds of objection by respondents. No appeal is provided for in such cases as this, and we have uniformly entertained jurisdiction by way of review in such matters.

As to the contention that the county attorney was not shown to have been authorized to apply for the writ, it will be presumed that the county attorney had the necessary authority before proceeding.

While respondents showed that certain mortgage incumbrances existed against certain lands over which the changes in the Herman Schreiber road was sur-

veyed, yet the record and the engineer's plat of the road and his testimony showed that the lands covered by these mortgages were not affected by any change in the road, except in the instances where waivers were obtained.

There is also objection by respondents in that one Marion Freeman and wife, whose lands were shown to be affected by the survey as made by the engineer, are not shown by the record of the commissioners' proceedings to have been served with the notice of hearing before the commissioners. There is evidence, however, by the county engineer and by Marion Freeman showing that there was an agreement between Freeman and the board of county commissioners that the road would not be changed at the particular point where it would affect his land, and it was agreed that there would be no change in the location of the road in establishing a new survey which would take any of the land belonging to the Freemans.

There was objection also on behalf of respondents in that two Schreiber minors, who were shown to be parties interested in land not sought to be condemned in the action pending, as shown by the report of the engineer, had not been served with notice, except that there was an attempted waiver in the record signed by Fred A. Schreiber, as guardian, and by Hattie Schreiber, his wife. There is some doubt as to the sufficiency and validity of the waiver on behalf of these minors by the purported guardian.

As to these objections respondents contend that the board of commissioners should obtain jurisdiction over all parties to the road between the terminal points named as "owners, lessees and incumbrancers," specified in the statute, or they obtain no jurisdiction.

None of the parties alluded to above are respondents in this proceeding, or, so far as shown in this

record, are complaining. As to some of them, the proceedings might be void, should they question them when their legal disability has been removed, or otherwise in proper manner and time.

Ordinarily only those who are not notified have a just right to complain; if the proceedings against them are valid, those who are notified cannot be injured by the failure to give notice to other persons. Proceedings in highway cases, therefore, are not void as to those persons who by due process of law have been brought into court, although other property owners may not have received notice. There may be, of course, exceptions to the general rule that failure to notify one party will not invalidate the proceedings as to others having different interests, as, for instance, a case where the consequences of the failure to give notice extend so far as to make it impossible for a road or street to be opened. Elliott, Roads & Streets (3d ed.), § 359. The same work, in § 358, has this:

"It is not, however, to be understood that where there is jurisdiction of the subject-matter and there are many persons interested as owners of different parcels of land, failure to give notice to some of the property owners will vitiate the entire proceedings. In such cases the better opinion is that the proceeding is void only as to those who have not been notified, but valid as to those who have had notice."

In this case the statute, Rem. Comp. Stat., § 6468, gives the commissioners power to determine "  .  . . . whether the road shall be established in accordance with the report of the viewers [engineer], *or otherwise,* or at all . . . ." The decision and order of the board of commissioners as to where changes should be made, and where not, in the road petitioned to be changed, is final and conclusive. The

failure to notify any of the parties as to whom question is raised by respondents cannot possibly extend so far as to make it impossible for the road, as changed, to be established.   We therefore conclude that lack of notice to one of the landowners or incumbrancers originally affected by the proceeding is not an available objection to respondents, who received due notice.

The only persons necessary to be brought into the condemnation proceedings under the statute, § 6468, Rem. Comp. Stat., are those " . . . . persons interested in the lands to be taken therefor, if any, who shall not have consented to the establishment of the road, or waived their claims for damages therefor, or shall claim damages therefor. . . ."

It is also objected that certain of the respondents named as the McClintock minor heirs were not represented before the board of commissioners at the hearing on the award of damages.   The record shows, however, that each and every one of the McClintock minor heirs were served personally, and that there was a general guardian, John W. McClintock, of the persons and estates of each and every one of the minors, who was also served personally for each and every one of the minors, and personally for himself, which was sufficient to make him and each of the minors parties to the proceedings and give the commissioners jurisdiction of their persons.   That they saw fit not to appear before the board of county commissioners does not affect the matter.

The case of *State ex rel. Davies v. Superior Court*, *supra*, does not apply here, for the reason that it was there shown that no guardian had ever been appointed for the minor involved in that case, and no guardian *ad litem* had been appointed for the proceeding.   That is not true in this case.

It is also contended that the proofs of service as to these respondents, and as to a certain other respondent, Mrs. Neal, who was served in Spokane county personally, were not in conformity to the statute because made by affidavits, the affidavits not showing that the affiants were competent to make such service, and that, since the statute must be strictly pursued in condemnation proceedings, the proofs of service were defective.

The record shows that each and every one of the persons interested was personally served by someone who described himself in his affidavit as a deputy sheriff of Whitman county, and in the case of Mamie Neal, besides posting a copy of the notice on the land in Whitman county, by a deputy sheriff of Whitman county, she was served personally in Spokane county by the person making the service, who was a deputy sheriff of Spokane county. In fact, it seems that the proceedings which we indicated were necessary in *State ex rel. Cation v. Superior Court, supra,* were very strictly followed in this case. It will be presumed that a person having the qualifications to be a deputy sheriff is of legal age, or at least is a person having all of the qualifications necessary to make personal service of process and proof thereof by affidavit.

Certain objections were also made by respondents as to lack of notice of the engineer's survey, and lack of tender of damages in certain instances. The statutes as to the engineer's survey and report, §§ 6462, 6463, 6464, and 6465, Rem. Comp. Stat., seem to have been very strictly and accurately followed by the engineer. There is no merit in the contention made as to the engineer's survey and report, and the statute as to tenders, § 6454, was also strictly followed, according to the record.

The record of the board of county commissioners shows a very strict compliance with the statute relating to the change, re-location, and re-establishment of the highway, and of acquiring jurisdiction of all the persons necessary to render the proceedings valid. The board unmistakably had jurisdiction of the subject-matter. The superior court therefore erred in holding that the commissioners had not acquired jurisdiction, and erred in holding that it had not acquired jurisdiction of the condemnation proceedings.

The judgment of the trial court is reversed, with directions to entertain jurisdiction of the condemnation petition and proceed therein according to law.

PARKER, BRIDGES, MACKINTOSH, and MITCHELL, JJ., concur.