386 N.E.2d 997 (1979)
James SMOLEK, Appellant (Defendant below),
v.
BOARD OF COUNTY COMMISSIONERS OF PULASKI COUNTY, Indiana, Appellee (Plaintiff below), and Robert Nielson [Sic], Appellee (Defendant below).
No. 3-177 A 30.
Court of Appeals of Indiana, Third District.
March 19, 1979.
Rehearing Denied April 18, 1979.
*998 Calvin K. Hubbell, Valparaiso, for appellant.
Russell D. Millbranth, Winamac, for appellee.
STATON, Judge.
On October 19, 1975, James Smolek constructed a barbed wire fence across a littleworn dirt road that runs past his rural farm residence in Pulaski County, Indiana. Public authorities were notified of the obstruction, and the ensuing search of public records revealed that in 1926 the Pulaski County Commissioners had dedicated the road to public use. Based on that revelation, the Board of County Commissioners filed suit for declaratory judgment, as well as a permanent injunction requiring Smolek to remove the fence and prohibiting him from further encroachment upon the right of way. Following a bench trial on the matter, the court found that the road was a public highway and granted the injunction sought by the commissioners.
Smolek appeals from that decision and raises the following issues for our review:
(1) Whether the trial court erred in its conclusion that the action of the county commissioners in 1926 was not invalid on the basis that notice was not provided to the public prior to the dedication of the road to public use?
(2) Whether the trial court erred by failing to find that the dedication of the roadway was invalidated by the subsequent failure of the commissioners to lay out and open the highway within six years of its establishment?
(3) Whether the trial court erred by failing to find that the roadway had *999 ceased to exist by virtue of abandonment?
We affirm.

I.

Notice
Pursuant to IC 1971, 8-17-1-1, Ind. Ann. Stat. § 36-301 (Burns Code Ed.), the Board of Commissioners in each county of Indiana has the power to locate, establish, and construct highways within their individual geographical jurisdictions. Prior to exercising that authority, however, the commissioners must give notice to the public of the proposed establishment of a roadway in order that interested citizens might remonstrate against the proposal at the required public hearing. IC 1971, 8-17-1-4, Ind. Ann. Stat. § 36-304 (Burns Code Ed.). Smolek contends that there is no evidence to indicate that the notice requirement was satisfied prior to the Board's location of the roadway in 1926. Smolek maintains that the notice requirement is a jurisdictional prerequisite to the Board's power to act on a proposal to establish a roadway, and that the failure of the Board to comply with the requirement consequently invalidates the commissioners' establishment of the highway.
As Smolek contends, there is no evidence in the records of the 1926 Board of County Commissioners to indicate that notice of the proposed highway was provided to the public. Smolek is also correct in his contention that the notice requirement is jurisdictional in nature. Ryder v. Horsting (1892), 130 Ind. 104, 106, 29 N.E. 567, 568. Therefore, the Board of Commissioners of Pulaski County did not have jurisdiction to establish the roadway in 1926.
Highways may also be established through public usage, however. IC 1971, X-XX-X-XX, Ind. Ann. Stat. § 36-1807 (Burns Code Ed.); Cozy Home Realty Co. v. Ralston (1938), 214 Ind. 149, 151, 14 N.E.2d 917, 918. For a public highway to be established by use, it must be shown that for a period of twenty years, the general public, under a claim of right, used a strip of land as a highway. Id.; Columbia Realty Corporation v. Harrelson (1973), 155 Ind. App. 604, 613, 293 N.E.2d 804, 809. The amount of traffic on the strip or the number of different users during the twenty year period is not significant, so long as the strip was used as a highway and remained free and common to those members of the public who had occasion to use it. Cozy Home Realty Co. v. Ralston, supra.
The record reveals that the Pulaski County Board of Commissioners established the strip in question as a roadway in 1926. Acting under the auspices of the commissioners' decision, various members of the public used the strip as a public highway over the next fifty years. The record reveals that since 1926, Elsa J. Nielsen and her late husband used the strip both to reach their fields and to go to and from church. Elsa's son Robert, who purchased farmland adjacent to the strip, also used the strip to reach his fields, as did local farmer Frank Schrounski. Pulaski County Sheriff George Riley testified that during his tenure (1971 to date) he has traveled the strip "many times", once in response to a dispute in that neighborhood, but usually in pursuit of "marijuana pickers."
This evidence is sufficient to justify the trial court's conclusion that the strip of land in question was a public highway. Compare, Columbia Realty Corporation v. Harrelson, supra. Therefore, while we agree with Smolek's contention that the establishment of the roadway by the county commissioners was invalid, the invalidity of that proceeding does not affect Smolek's alleged right to construct a fence across the public roadway, albeit seldom used.

II.

"Opening" the Road
Smolek maintains that the failure of Pulaski County to "lay out" and "open" the roadway established by the commissioners within six years after that decision terminated the existence of the highway, as provided in IC 1971, X-XX-X-XX, Ind. Ann. Stat. § 36-1808 (Burns Code Ed.). We need not *1000 address this contention. In issue I, supra, we concluded that the roadway was established by public usage rather than through the actions of the Board of Commissioners of Pulaski County. Accordingly, the failure of the county to "lay out" and "open" the road within six years of the invalid decision of the Board of County Commissioners does not affect the status of the highway.

III.

Abandonment
Smolek contends that the failure of Pulaski County to maintain the roadway since 1926 constitutes an abandonment of the highway and, by operation of law, terminates any interest in the strip of land once held by the county. The fact that a roadway established by public usage has not been maintained by public authorities does not affect its status as a public highway. Cook v. Rosebank Development Corp. (1978), Ind. App., 376 N.E.2d 1196, 1201.
Affirmed.
GARRARD, P.J., and HOFFMAN, J., concur.