**Billy W. EDRINGTON and Christine L. Edrington, Appellants–Plaintiffs,**

v.

**RUSH COUNTY BOARD OF COMMISSIONERS, Appellee–Defendant.**

No. 70A01–9410–CV–339.

Court of Appeals of Indiana, First District.

March 30, 1995.

Ronald L. Wilson, Badell & Wilson, Rushville, for appellants.

David E. Northam, Earnest, Foster, Eder, Levi & Northam, Rushville, for appellee.

**OPINION**

BAKER, Judge.

Appellants-plaintiffs Billy and Christine Edrington appeal the trial court's grant of summary judgment in favor of appellee-defendant Rush County Board of Commissioners (Board).

*FACTS*

The undisputed facts are that the Edringtons are the owners of real estate located in the Stackhouse Park subdivision in Rush County, Indiana. The streets and alleys in the subdivision, including Elizabeth Street which intersects the Edringtons' property and an alley adjacent to their property, were

---

dedicated to public use upon the recording of the plat in 1893 by a distant prior owner.

On August 24, 1993, the Edringtons filed an action for declaratory relief, seeking a judicial determination that Elizabeth Street and the alley adjacent to their property had been vacated due to non-use for over six years, pursuant to IND.CODE § 8–20–1–16 (the six-year statute).[1] The complaint was filed against the Board, which is the local governing body having jurisdiction over roads and alleys located in Rush County. Subsequently, the Edringtons filed a motion for summary judgment claiming that the street and the alley were vacated due to non-use by operation of the six-year statute. In response, the Board filed a cross-motion for summary judgment asserting that the statute was inapplicable. After a hearing, the trial court granted the Board's motion for summary judgment and denied the Edringtons' motion for summary judgment, holding that the six-year statute does not apply to the facts of the case.

### DISCUSSION AND DECISION

■ The Edringtons appeal the denial of their motion for summary judgment and the grant of the Board's motion for summary judgment. Summary judgment shall be granted where the designated evidentiary matter shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C); *Hermann v. Yater* (1994), Ind.App., 631 N.E.2d 511, 513. On appeal, we are bound by the same standard as the trial court, and we consider only those matters which were designated at the summary judgment stage. *Id.* Since the parties do not dispute any material facts, our review is confined solely to a question of law. *Ed Wiersma Trucking Co. v. Pfaff*, (1994), Ind. App., 643 N.E.2d 909, 910.

■ The question of law which the trial court determined and which we now review is whether the six-year statute operates to va-

cate the street and the alley on the Edringtons' property. I.C. § 8–20–1–16 provides:

> Every public highway already laid out, or which may hereafter be laid out, and which shall not be opened and used within six (6) years from the time of its being so laid out, shall cease to be a highway for any purpose whatever; but if any distinct part thereof shall have been opened and used within six (6) years, such part shall not be affected by the provisions of this section, nor shall this section be applied to streets and alleys in any city or town.

The Edringtons contend that pursuant to I.C. § 8–20–1–16, Elizabeth Street and the alley are no longer public roadways because they have not been used or developed for over six years. In support of their contention, the Edringtons presented an affidavit of John Wilson in which he stated that the street and the alley had not been used or developed between 1970 and 1990 when he owned the property. Recognizing that the six-year statute was repealed in 1988, the Edringtons assert that because the street and the alley were not used between 1970 and 1988, a period obviously exceeding six years, they have ceased being public roadways by operation of law under the statute.[2]

■ The parties do not dispute that Elizabeth Street and the alley adjacent to the Edringtons' property were voluntarily dedicated to public use upon the recording of the plat by the property owners in 1893. However, the six-year statute does not apply when a landowner voluntarily dedicates his land to public use as in the present case. *Smith v. State*, (1940), 217 Ind. 643, 29 N.E.2d 786. Rather, the statute applies where the property in question was laid out as a public roadway by the Board of County Commissioners through condemnation proceedings. *Id.; Columbia Realty Corp. v. Harrelson*, (1973), 155 Ind.App. 604, 614, 293 N.E.2d 804, 810. As our supreme court noted in *Smith*, the six-year statute is "a part and parcel of a statute authorizing the con-

1. This statute was repealed in 1988.

2. I.C. § 8–20–1–16 refers to use "within six (6) years from the time of its being so laid out". Thus, if the statute were to apply in this case, the relevant six-year time period would be 1893–1899. There is no evidence in the record, however, regarding the use of the street and the alley during that time period.

demnation of real estate by proceedings had on petition filed with the board of commissioners of the county...." *Smith,* 217 Ind. at 647, 29 N.E.2d at 788. *See also, Smolek v. Board of County Comm'rs of Pulaski County,* (1979), 179 Ind.App. 603, 606, 386 N.E.2d 997, 1000 (the six-year statute does not apply where the roadway was established by public usage rather than through the actions of the Board of Commissioners).

As our supreme court held in 1940, we reiterate today that I.C. § 8–20–1–16 does not apply where a landowner has voluntarily dedicated his land to public use. Thus, because the street and the alley were established by a landowner's voluntary dedication of the property to public use, rather than by an action of the Board, the six-year statute does not apply. Accordingly, the trial court properly granted the Board's motion for summary judgment and denied the Edringtons' motion for summary judgment.[3]

Judgment affirmed.

NAJAM and CHEZEM, JJ., concur.

---

3.  However, as the trial court noted, landowners such as the Edringtons are not without a remedy. IND.CODE § 36–7–3–12 provides procedures for the vacation of a public way or public place upon petition. These procedures include notice to interested parties and a hearing on the petition.